Argued April 24; premptory writ of mandamus allowed
April 26, 1933

WIEDER ET AL. *v.* HOSS
(GILL ET AL., INTERVENERS)
(21 P. (2d) 227)

*W. S. U'Ren,* of Portland (Leslie E. Crouch, of Portland, on the brief) for plaintiffs.

*I. H. Van Winkle,* Attorney General, for defendant.

*Roy R. Hewitt,* of Salem, for interveners.

KELLY, J. It is alleged in the alternative writ that on April 15, 1933, plaintiffs, as sponsors of the referendum petition thereinafter set forth and as president and vice-president of the Security Owners Association, as the organization prosecuting said referendum petition, did present and offer to defendant in his official capacity as secretary of state for filing in his office at the capitol in Salem, Oregon, their referendum petition demanding that Senate Bill No. 244, which was passed by the Thirty-seventh Legislative Assembly of the state of Oregon at its regular session and approved by the governor of Oregon, should be referred to the people of the state for their approval or rejection at the regular general election to be held throughout the state of Oregon on the first Tuesday after the first Monday in November, 1934, or at the special general election to be held throughout the state of Oregon on the 21st day of July, 1933, and plaintiffs then and there requested defendant, as secretary of state, and within 90 days after the final adjournment of the session of the legislative assembly, which passed said Senate Bill No. 244, that defendant present the said petition to the Attorney General of Oregon for a ballot title and instruct the plaintiffs as to the form and size and quality of paper upon which said petition should be printed for circulation for signatures of legal voters.

It is also alleged that defendant, as secretary of state, refused to file said referendum petition, refused

to submit the same to the Attorney General for a ballot title, and refused to instruct plaintiffs as requested or at all.

The act referred to provides for the election of a state power commission to consist of three members to be chosen by the electorate.

Among other things, the commission is empowered to withdraw for power development any unappropriated waters of the state from appropriation, as the commission deems wise; to use the waters and lands of the state, not otherwise appropriated, and any material therein or thereon, as the commission shall deem necessary for the purposes of the act; to develop any water power within the state or any water power in any interstate stream, and to acquire, construct, maintain and operate hydroelectric power plants, transmission and distribution lines in connection therewith; to contract with the United States, with any state or states, or political subdivision thereof or with any political subdivision of water, water power or electrical energy; to acquire by purchase, lease or other legal means, lands, water, water rights, easements, water power, electric energy, materials, supplies and any other thing deemed necessary or convenient by the commission, and to hold such real property and other property for the purposes of the act, provided that the commission may sell, lease or otherwise dispose of any such property; to exercise the power of eminent domain, to fix rates and charges for the use of water in the development of water power, for the sale and disposal of water power; to control, transmit, distribute, use, sell and dispose of electrical energy and to fix the rates and charges therefor.

It is argued by defendant and interveners that the act in question is within the exception declared by

section 1 of article IV of the Constitution of the state. That section of the Constitution, interalia, provides:

"The second power is the referendum and it may be ordered (except as to laws necessary for the immediate preservation of the public peace, health, or safety) either by petition signed by five per cent of the legal voters, or by the legislative assembly, as other bills are enacted".

Section 35 of the act, in question, is as follows:

"Section 35. It hereby is adjudged and declared that existing conditions are such that this act is necessary for the immediate preservation of the public peace, health and safety; and an emergency hereby is declared to exist, and this act shall take effect and be in full force and effect from and after its passage".

Plaintiffs contend that section 35 is inoperative, because of the provisions of section 14 of said act, which is as follows:

"Section 14. Plants Exempt from Taxation. Plants and other property owned or controlled and/or operated by the commission shall be exempt from state, county and municipal taxes of any and all kinds".

That contention is based upon the argument that by virtue of the terms of said section 14 the act is one regulating taxation or exemption, and is therefore controlled by section 1a of article IX of the constitution, which is as follows:

"Section 1a. Head or poll tax prohibited. No emergency clause on tax bills. No poll or head tax shall be levied or collected in Oregon. The legislative assembly shall not declare an emergency in any act regulating taxation or exemption".

The defendant and interveners insist that section 14, above quoted, is not a regulation of taxation or exemption; that it does not change the existing law upon the subject of taxation or exemption; and that the act is a special or local law and if it is a regulation

of taxation or exemption, it is therefore in conflict with subdivision 10 of section 23 of article IV, Oregon Constitution.

It is urged by defendant and the interveners that the word regulate does not include the matter of granting, creating or establishing a condition, but only of providing a rule or standard by which things or conditions, already or otherwise established or created, are to be governed, or, in other words, regulated.

■■ As we view it, taxation and exemption therefrom are established and existent in the state of Oregon. Those laws, which declare that certain property shall be exempt from taxation, are laws regulating, that is, governing taxation and exemption. Section 14 of the act in question creates no new or original principle. The only method of regulating exemption from taxation is by declaring what, if any, property shall be wholly or partly exempt. When certain property is declared to be exempt, necessarily the result is to that extent a regulation of taxation. It follows, therefore, that section 14 of the act in question is a purported regulation of taxation and exemption.

■ As to defendant's contention that the act in question does not change the existing law upon the subject of taxation or exemption, we think that the existing law does not exempt from taxation property which is merely controlled or operated by the state. It will be noted that by the terms of said section 14 the exemption is not confined to property of which the state is the legal or beneficial owner, but extends to all property controlled or operated by the commission. In this respect, the act in question amends by implication the existing law regulating taxation and exemption.

■ To understand the position assumed by demurrants to the effect that said section 14 of the act in

question is in conflict with subdivision 10 of section 23 of article IV of the Constitution of Oregon, we quote:

"Section 23. What local and special laws prohibited. The legislative assembly shall not pass special or local laws in any of the following enumerated cases, that is to say:

*       *       *       *       *

"10. For the assessment and collection of taxes for state, county, township, or road purposes".

The act in question nowhere provides for the assessment and collection of taxes. Governed only by its terms no assessment could be made nor attempted. Moreover, as above stated, we are unable to concur in demurrants' construction of said section 14 to the effect that it relates only to property of the state. We hold that it applies to all property, whether owned by the state or not, if the same is controlled or operated by the state.

As above shown, the scope of the act is coextensive with the entire state. It is not limited to a restricted locality therein.

For these reasons, the act is not a special or local law and is not affected by the subdivision of the state constitution last above quoted.

The demurrers to the alternative writ are hereby overruled; and it is ordered that a peremptory writ issue in accordance with the petition of plaintiffs therefor, except that, if the necessary number of names are procured upon the petition for its referendum, the act in question shall be referred to the people of the state for their approval or rejection at the special election to be held throughout the state of Oregon on the 21st day of July, 1933.

RAND, C. J., BAILEY, BEAN, BELT, CAMPBELL and ROSSMAN, JJ., concur.