Argued and submitted September 10, petition for review dismissed and petition for peremptory writ of mandamus denied September 16, 1999

In the Matter of the Constitutionality of Senate Bill 686

Oregonians for Health and Water,
an Oregon nonprofit corporation;
Michael Feves; Joe Leary;
Darren C. Pennington, and E. Lee Reedy,
*Petitioners,*

*v.*

John A. KITZHABER,
Governor of the State of Oregon;
and the Department of Corrections,
*Respondents.*

(SC S46770)

State ex rel OREGONIANS FOR HEALTH AND WATER,
an Oregon nonprofit corporation;
Michael Feves; Joe Leary;
Darren C. Pennington; and E. Lee Reedy,
*Plaintiffs-Relators,*

*v.*

Phil KEISLING,
Secretary of State
of the State of Oregon,
*Defendant.*

(SC 46771)

986 P2d 1167

James N. Westwood, Miller, Nash, Wiener, Hager & Carlsen, LLP, Portland, argued the cause and filed the briefs for petitioners, plaintiffs-relators. With him on the briefs was William H. Walters, Portland.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause and filed the briefs for respondents and defendant. With him on the briefs were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

GILLETTE, J.

**GILLETTE, J.**

These consolidated proceedings present a challenge to the validity of the emergency clause in Senate Bill (SB) 686, an act passed during the last legislative session and signed by the Governor on August 20, 1999. The legislation concerns the siting of a women's correctional facility and intake center complex. The underlying question in each proceeding is whether SB 686 is an act "regulating taxation or exemption" under Article IX, section 1a, of the Oregon Constitution, for which "[t]he Legislative Assembly shall not declare an emergency * * *."[1]

Petitioners Oregonians for Health and Water, Michael Feves, Joe Leary, Darren C. Pennington, and E. Lee Reedy (collectively OHW) have filed both a petition for review and a petition for a peremptory writ of mandamus in this court. Both petitions asks us to invalidate the emergency clause in SB 686 so that OHW may attempt to have the legislation referred to the voters under Article IV, section 1(3)(a), of the Oregon Constitution.[2] For the reasons that follow, we dismiss the petition for review and deny the petition for a peremptory writ of mandamus.

We first examine the act itself. Among other things, SB 686 requires the Department of Corrections (DOC), upon executive order of the Governor, to propose a site for the construction and operation of a women's correctional facility and intake center complex (complex) in this state. *Id.*, § 3(1). Section 12(1) of the act provides:

"Except as provided in section 9 of this 1999 Act [inapplicable here] and notwithstanding ORS 183.400, 183.482, 183.484 or 197.825 or any other law, exclusive jurisdiction for review of the constitutionality of sections 2 to 11 of this

---

[1] Article IX, section 1a, of the Oregon Constitution, provides, in part:

"The Legislative Assembly shall not declare an emergency in any act regulating taxation or exemption."

[2] Article IV, section 1(3)(a), of the Oregon Constitution, provides:

"The people reserve to themselves the referendum power, which is to approve or reject at an election any Act, or part thereof, of the Legislative Assembly that does not become effective earlier than 90 days after the end of the session at which the Act is passed."

1999 Act and any decision relating to the siting of a women's correctional facility and intake center complex under sections 3, 4, 5, 8, 10 and 11 of this 1999 Act is conferred upon the Supreme Court."

Sections 14 and 15 of the act provide:

"*SECTION 14.* The condemnation of any real property required under this 1999 Act by the Department of Corrections, or on behalf of the department, shall be conducted according to the applicable provisions of ORS chapter 35. Amounts paid in just compensation for condemned real property shall be determined according to ORS 35.346.

"*SECTION 15.* This 1999 Act being necessary for the immediate preservation of the public peace, health and safety, an emergency is declared to exist, and this 1999 Act takes effect on its passage."

We turn to the procedural posture of these proceedings. On August 16, 1999, Reedy filed a prospective referendum petition for SB 686 with the Secretary of State. On August 20, 1999, the Secretary of State's office rejected the filing, concluding that "the Oregon Constitution does not allow the power of the referendum on a bill with an emergency clause." OHW responded on August 30, 1999, by filing a petition for review of the constitutionality of the emergency clause of SB 686 in this court, asserting that section 12(1) of the act gives this court original jurisdiction of the matter.

On August 31, 1999, this court issued a show cause order stating, in part:

"Neither section 12(1) nor any other provision of Senate Bill 686 appears to confer jurisdiction on this court to review the constitutionality of section 15 of Senate Bill 686 in the context of an original proceeding under Section 12."

OHW responded to the show cause order; respondents the Governor and DOC waived filing a response.

Together with its response to the court's show cause order, OHW also filed a petition for a peremptory writ of mandamus declaring section 15 of SB 686 unconstitutional

and compelling the Secretary of State to accept OHW's prospective referendum petition for the bill. This court consolidated the proceedings and specially set the matters for oral argument.

■ We first address OHW's petition for review. The question whether this court has jurisdiction to entertain the proceeding is one of statutory construction to which the methodology set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), applies. The court first reviews the text and context of the statutory provisions at issue. *Id.* at 610-11. If the intent of the legislature is clear at that level of inquiry, then the court proceeds no further. *Id.* at 611. That is the case here.

■ OHW argues that it has not

" 'asked the court to review the constitutionality of section 15' of the Act. It is the Act as a whole that is unconstitutional, and it is the Act as a whole that needs to be considered in addressing this Court's jurisdiction."

OHW's argument, however, is aimed only at section 15 of the act. The text of SB 686 expressly states that the court has original jurisdiction to review the constitutionality of "sections 2 to 11" of the bill. The legislature did not include section 15 within the ambit of this court's statutorily authorized original jurisdiction, and we may not insert into a statute that which has been omitted. ORS 174.010; *see also Stupek v. Wyle Laboratories Corp.*, 327 Or 433, 445-46, 963 P2d 678 (1998) (rejecting tolling argument where statute under which claim was brought was "not included in the list of statutes enumerated in" the tolling statute). Moreover, nothing in the context of SB 686 suggests a construction other than that mandated by the express wording of the act. We dismiss the petition for review for lack of jurisdiction.

■ We turn to OHW's petition for a peremptory writ of mandamus. OHW seeks to invoke this court's original jurisdiction under Article VII (Amended), section 2, of the Oregon Constitution. Under that provision, "the supreme court may, in its own discretion, take original jurisdiction in mandamus, quo warranto and habeas corpus proceedings." Mandamus in this court is an extraordinary remedy, *Ellis v. Roberts*, 302

Or 6, 12, 725 P2d 886 (1986), and generally will lie only when a relator has no plain, speedy, and adequate remedy at law. *State ex rel Carlile v. Frost*, 326 Or 607, 611, 956 P2d 202 (1998).

This court has chosen, on rare occasions, to exercise its authority in circumstances in which, at least technically, the petitioning party also could have invoked the mandamus authority of the circuit court. In such a case, however, this court warned:

> "This does not mean * * * that a petition invoking this court's extraordinary and discretionary jurisdiction under Article VII, section 2 of the Oregon Constitution will in the future be regarded as the accepted and proper way to secure judicial review of decisions of the Secretary of State under the elections laws."

*State ex rel Sajo v. Paulus*, 297 Or 646, 648, 688 P2d 367 (1984). In this proceeding, we need not determine whether OHW was correct to seek mandamus from this court because, even if it were, OHW's petition does not support issuance of a writ.

As noted, Article IX, section 1a, identifies two species of acts for which the legislature may not declare an emergency: those regulating "taxation" and those regulating "exemption." Nothing in SB 686 suggests in any way that the act regulates taxation, and OHW's counsel conceded as much at oral argument. Accordingly, we focus on the question whether SB 686 is an act that regulates exemption.

On its face, no provision of SB 686 seeks to effect or regulate an exemption from taxation. OHW, therefore, is left to advancing a derivative argument, *viz.*, that the provision of SB 686 respecting condemnation compels the conclusion that the act regulates exemption because "[t]aking property by condemnation effectively exempts that property from taxation." That derivative argument, however, suffers from two flaws.

First, OHW's argument is speculative. It presupposes the hypothetical situation that DOC, or an entity on DOC's behalf, actually will condemn private property for the siting and construction of the complex. SB 686, however, does

not *require* the condemnation of any property. Section 14 merely sets out, by statutory reference, the procedures to be followed for "[t]he condemnation of any real property required under" the act. DOC remains free, subject to the other provisions of the act, to site and construct the complex on land that the state already owns. If that were to occur, then there would be no condemnation. We decline to adopt a construction of SB 686 that would call its constitutionality into question, when the proffered construction is based on a set of hypothetical facts that might never come to pass.

Moreover, and even if we were to assume that condemnation will occur under SB 686, OHW's derivative argument remains an attenuated one. OHW asks us to conclude that *any* act that provides for condemnation, by that fact alone, is an act that regulates exemption from taxation. The case upon which OHW primarily relies, however, *Wieder v. Hoss*, 143 Or 57, 21 P2d 227 (1933), demonstrates that OHW's argument is untenable.

In *Wieder*, the act at issue—which the court concluded did regulate taxation and exemption—provided for the election of a state power commission and further provided:

> " 'Section 14. Plants, Exempt from Taxation. Plants and other property owned or controlled and/or operated by the commission shall be exempt from state, county and municipal taxes of any and all kinds.' "

*Wieder*, 143 Or at 60. In concluding that the act regulated exemption from taxation, the court stated:

> *"The only method of regulating exemption from taxation is by declaring what, if any, property shall be wholly or partly exempt.* When certain property is declared to be exempt, necessarily the result is to that extent a regulation of taxation."

*Id.* at 61 (emphasis added).

OHW argued at oral argument that the foregoing passage has to be read in context. We agree. But the obvious difference between the act at issue in *Wieder* and SB 686 is that SB 686 contains no declaration that certain property is to be exempt wholly or partly from taxation. The fact that an

act contemplates a condemnation is a far cry from "declaring what * * * property shall be * * * exempt." Acknowledging the possibility of condemnation does not transform legislation into an act regulating exemption under Article IX, section 1a, of the Oregon Constitution. Nor does the decision in *Wieder* hold to the contrary. Instead, the court in that case noted

> "that by the terms of said section 14 the exemption is not confined to property of which the state is the legal or beneficial owner, but extends to all property controlled or operated by the commission. In this respect, the act in question amends by implication the existing law regulating taxation and exemption."

*Wieder*, 143 Or at 61. The same cannot be said of SB 686. That act does nothing more than contemplate the potential for condemnation. It effects neither directly nor by implication any change in the existing law regulating taxation or exemption. OHW's reliance on *Wieder* is misplaced; OHW is not entitled to the relief it seeks from this court in mandamus.

The petition for review is dismissed. The petition for a peremptory writ of mandamus is denied.