Argued and submitted November 9, 1998, order of Court of Appeals allowing
attorney fees reversed March 3, 2000

## BERGER FARMS,
an Oregon partnership;
Keith A. Berger; Kenneth A. Berger;
Rebecca Berger; Steven Berger,
*Petitioners on Review,*

*v.*

## FIRST INTERSTATE BANK OF OREGON, N.A.,
a national banking association,
*Respondent on Review.*

(TC 9509-06466; CA A91677; SC S44594)

995 P2d 1159

Jeffrey M. Edelson, of Markowitz, Herbold, Glade & Mehlhaf, P.C., Portland, argued the cause for petitioners on review. David B. Markowitz filed the petition for review. J. David Yeager, David B. Markowitz, and Jeffrey M. Edelson filed the brief. Also on the petition and brief was Markowitz, Herbold, Glade & Mehlhaf, P.C., Portland.

Thomas W. Sondag, of Lane Powell Spears Lubersky LLP, Portland, argued the cause and filed the brief for respondent on review.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Durham, and Kulongoski, Justices.**

CARSON, C. J.

---

** Leeson and Riggs, JJ., did not participate in the consideration or decision of this case.

## CARSON, C. J.

Plaintiffs challenge a Court of Appeals order that awarded attorney fees to defendant on appeal under a contractual provision granting to the "prevailing party" the right to obtain reasonable attorney fees. We are presented with two questions on review: (1) whether the Court of Appeals had authority to award attorney fees, given its earlier conclusion that most of the parties' underlying dispute was subject to arbitration; and (2) whether defendant was entitled to attorney fees at that particular stage of the proceedings as the "prevailing party" under ORS 20.015.[1] We conclude that the Court of Appeals was without authority to award attorney fees incurred on the claims that were subject to arbitration and that defendant was not the prevailing party as to the remaining claims. We therefore reverse the order of the Court of Appeals.

This dispute arose from two loan agreements between plaintiffs and defendant. The agreements, which were executed in 1992 and 1994, respectively, contained binding arbitration clauses that provided, in part:

"7. *MANDATORY ARBITRATION OF ALL DISPUTES.*

"7.1 *Binding Arbitration.* All disputes arising out of or in connection with or related to this Agreement or any related agreements or instruments or any transaction of which this Agreement is a part shall be resolved by binding arbitration in accordance with Title 9 of the United States Code and the then effective Commercial Arbitration Rules of the American Arbitration Association.

"7.2 *Dispute Defined.* 'Dispute' is defined to mean any action, demand, dispute, claim, counterclaim or controversy between the parties whether in contract, tort, arising out of statute, or otherwise."

In 1995, plaintiffs filed an action against defendant in circuit court, alleging seven claims: breach of fiduciary duty, negligent misrepresentation, breach of oral contract,

---

[1] ORS 20.015 is set out in the text below.

interference with business relations, fraudulent misrepresentation, fraud, and racketeering. Defendants moved to stay the court action pending arbitration of plaintiffs' claims under section 3 of the Federal Arbitration Act (FAA), 9 USC § 3.[2] The trial court denied that motion, and defendant appealed. The Court of Appeals concluded that, with the exception of the negligent misrepresentation claim and part of the breach of fiduciary duty claim, plaintiffs' claims were subject to arbitration under the FAA. Accordingly, the Court of Appeals affirmed in part and reversed in part the order of the trial court. *Berger Farms v. First Interstate Bank*, 148 Or App 33, 939 P2d 64 (1997). This court denied both parties' petitions for review. *Berger Farms v. First Interstate Bank*, 326 Or 62, 944 P2d 949 (1997).

In the meantime, defendant petitioned the Court of Appeals for an award of attorney fees on appeal in the amount of $52,895.78, under the following "prevailing party" provision in the parties' loan agreements:

> "8.2 *Attorney Fees*. In the event that [defendant] uses its own or an outside attorney to construe, interpret, or enforce any of the provisions of this Agreement or any of the Loan Documents, * * * [defendant] shall be entitled to recover from [plaintiffs] its reasonable attorney fees and other costs incurred irrespective of whether any legal proceeding is commenced. *If any legal action, arbitration or other proceeding is brought, the prevailing party shall be entitled to recover its reasonable attorney fees and other costs incurred, both at trial and on any appeal or petitions for review.*"

(Emphasis added.) Plaintiffs opposed defendant's petition, arguing that: (1) ORS 20.015 did not authorize an award of

---

[2] 9 USC § 3 provides:

"If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

attorney fees at that stage of the proceedings; (2) alternatively, the Court of Appeals should determine the appropriate amount of attorney fees, but condition the actual award upon the ultimate outcome on the merits under ORAP 13.10(3);[3] and, (3) in any event, the amount requested was excessive. In September 1997, the Court of Appeals entered an order allowing defendant attorney fees on appeal in the amount of $30,000. The order did not condition payment of the attorney fees upon the ultimate outcome of the case and did not apportion the amount awarded between those attorney fees incurred on the arbitrable claims and those incurred on the nonarbitrable claims.

■ ■   Plaintiffs petitioned for review of the Court of Appeals' order. In allowing review, this court requested that the parties address the following question in their briefs on the merits:

> "Does the parties' agreement to resolve all disputes through binding arbitration deprive the Court of Appeals of authority to award attorney fees on appeal in this case?"[4]

---

[3] ORAP 13.10(3) provides, in part:

"When a party prevails on appeal or on review and the case is remanded for further proceedings in which the party who ultimately will prevail remains to be determined, the prevailing party on appeal or review may petition the appellate court for attorney fees within the time and in the manner provided in this rule. If the appellate court determines an amount of attorney fees under this subsection, it may condition the actual award of attorney fees on the ultimate outcome of the case. * * *"

(Footnote omitted.)

[4] ORAP 13.10(9) provides, in part:

"In the absence of timely filed objections to a petition under this rule, the Supreme Court and the Court of Appeals, respectively, will allow attorney fees in the amount sought in the petition, except in cases in which:

"* * * * *

"(b)  when the Supreme Court or the Court of Appeals is without authority to award fees."

By setting out a circumstance—the lack of authority to award attorney fees—in which no objection is necessary to preclude an award, that rule demonstrates that the appellate courts will determine whether such authority exists, despite the failure of any party to object upon the ground that the court lacks authority to award attorney fees.

Here, as noted, plaintiffs filed a timely objection to defendant's request for attorney fees; however, that objection did not raise the issue of the Court of Appeals' authority to award those fees, in light of its earlier conclusion that most of plaintiffs' claims were subject to arbitration. In accordance with ORAP 13.10(9)(b), this court then raised that issue on its own initiative. We continue to emphasize,

In response to that question, plaintiffs argue that defendant's request for attorney fees "falls within the jurisdiction of the arbitration and should be decided without judicial involvement." Plaintiffs also continue to assert that, in any event, the Court of Appeals' order was not authorized under ORS 20.015.[5] Defendant, in turn, contends that the Court of Appeals retained the authority to award attorney fees, despite that court's conclusion that most of plaintiffs' claims were subject to arbitration.

For the reasons that follow, we agree with plaintiff that the Court of Appeals was without authority to award attorney fees to defendant that it incurred on the claims subject to arbitration. As to the remaining attorney fees, we conclude that defendant was not the "prevailing party" under ORS 20.015.

█ █ We begin with the attorney fees that defendant incurred on the arbitrable claims. As noted, at the time when it awarded attorney fees to defendant, the Court of Appeals already had concluded that, with the exception of plaintiffs' claim for negligent misrepresentation and part of their claim for breach of fiduciary duty, the trial court must stay the proceedings on the parties' underlying dispute under section 3 of the FAA pending arbitration. *Berger Farms*, 148 Or App 33. The effect of that decision was to halt the court proceedings on the arbitrable claims, thereby suspending the court's involvement in those claims. It follows that the Court of Appeals had no authority to award attorney fees incurred on those claims, because it already had determined that an arbitrator must decide the underlying dispute. Stated differently, because the Court of Appeals was without authority to decide the merits of the parties' underlying dispute on the arbitrable claims, it likewise was without authority to decide whether

---

however, that a party objecting to a request for attorney fees who fails to set out its objection with particularity does so at its own peril. *See Dockins v. State Farm Ins. Co.*, 330 Or 1, 6-7, 997 P2d 859 (2000) (in determining reasonable attorney fees, court "depend[s] on a petitioner's opponent to raise objections to the petitioner's request with as much particularity as possible and to support those objections with argument * * * that will assist this court in its efforts"); *McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 185, 189, 957 P2d 1200 (1998) (on reconsideration) (noting that opposing party's objection "play[s] an important role in framing any issues that are relevant to the court's decision to award or deny attorney fees").

[5] Plaintiffs do not challenge on review the amount of attorney fees awarded.

defendant was entitled to attorney fees arising out of that dispute. *See generally John Wiley & Sons v. Livingston*, 376 US 543, 557, 84 S Ct 909, 11 L Ed 2d 898 (1964) (once court determines that parties are obligated to submit the underlying dispute to arbitration, certain questions "which grow out of the dispute" also should be left to the arbitrator); *Glass v. Kidder Peabody & Co., Inc.*, 114 F3d 446, 453-54 (4th Cir 1997) (applying *John Wiley & Sons* to the FAA and stating that, "once a * * * court has completed its substantive arbitrability inquiry and ordered the parties to arbitration, * * * the * * * court has exhausted its function and may not intervene again until a party objects to the arbitration award or seeks enforcement thereof" (internal quotation marks omitted)).

As to the attorney fees incurred on the remaining, nonarbitrable claims, the Court of Appeals' authority depends upon the application of ORS 20.015 to this case. We now turn to that issue.

■■ As noted, the parties' agreements granted the "prevailing party" the right to recover reasonable attorney fees on appeal, "[i]f any legal action, arbitration or other proceeding is brought." The agreements do not define the term "prevailing party." We therefore apply the statutory definition set out in ORS 20.096(5). *See Carlson v. Blumenstein*, 293 Or 494, 499-500, 651 P2d 710 (1982) (in absence of evidence that parties intended otherwise, court will apply statutory meaning of "prevailing party" to private agreement referring to "successful party"); *see also Anderson v. Jensen Racing, Inc.*, 324 Or 570, 579, 931 P2d 763 (1997) (applying ORS 20.096(5) under *Carlson* to contract referring to "prevailing party"). ORS 20.096(5) provides:

> "*Except as provided in ORS 20.015*, as used in this section * * * 'prevailing party' means the party in whose favor final judgment or decree is rendered."

(Emphasis added.) ORS 20.015 provides:

> "As used in this chapter 'prevailing party' on appeal may include, at the discretion of the appellate court, any party who obtains a substantial modification of the judgment, decree or other decision of the trial court."

Thus, ORS 20.015 grants to the Court of Appeals the discretion to award attorney fees on appeal to a party who has obtained a "substantial modification" of the decision below.

■ Here, in respect of the nonarbitrable claims—the only claims for which the Court of Appeals, rather than an arbitrator, had authority to award attorney fees—defendant did not prevail on appeal, because it lost its attempt on appeal to require plaintiffs to arbitrate those claims. Consequently, defendant was not the "prevailing party" within the meaning of ORS 20.015 and, therefore, was not entitled to an award of attorney fees for work on those claims.

In sum, we conclude that the Court of Appeals was without authority to award attorney fees to defendant incurred on the claims that were subject to arbitration and that, in any event, defendant was not entitled to an award of attorney fees incurred on the remaining nonarbitrable claims. We therefore hold that the Court of Appeals erred when it awarded attorney fees to defendant.

The order of the Court of Appeals allowing attorney fees is reversed.