Argued and submitted November 2, 2000, orders of Court of Appeals affirmed
July 6, 2001

DENNIS MARTIN DeYOUNG,
*Petitioner on Review,*

*v.*

BOARD OF PAROLE AND
POST-PRISON SUPERVISION,
*Respondent on Review.*

(CA A106889; SC S47467)

EDWARD ANDREW THOMAS,
*Petitioner on Review,*

*v.*

BOARD OF PAROLE AND
POST-PRISON SUPERVISION,
*Respondent on Review.*

(CA A105130; SC S47322)
(Consolidated for Briefing, Argument, and Opinion)

27 P3d 110

Daniel M. Carroll, Deputy Public Defender, Salem, argued the cause for petitioners on review. With him on the

brief were David E. Groom, State Public Defender, and Irene B. Taylor, Deputy Public Defender.

Rolf C. Moan, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Carson, Chief Justice, and Gillette, Durham, Leeson, and Riggs, Justices.**

GILLETTE, J.

---

** Van Hoomissen, J., retired December 31, 2000, and did not participate in the decision of this case; Kulongoski, J., resigned June 14, 2001, and did not participate in the decision of this case; De Muniz, J., did not participate in the consideration or decision of this case.

## GILLETTE, J.

These two petitions, consolidated for briefing, argument, and opinion, seek review of dismissals by the Court of Appeals of petitions for judicial review of orders issued by the Board of Parole and Post-Prison Supervision (Board). The petitions challenge the dismissal orders of the Court of Appeals only to the extent that they designate the Board as the prevailing party on appeal and allow costs—specifically, a $100 prevailing party fee—payable by petitioners. Petitioners argue that, under the circumstances, the Court of Appeals had no authority to designate a prevailing party or to award costs. We conclude that the Court of Appeals had that authority and, accordingly, affirm.

Factually, the two cases differ only slightly. Petitioner DeYoung sought judicial review of a Board order that denied him re-release after a parole violation and set a new release date five years in the future. The Board moved to dismiss the petition on the ground that its order was a "decision relating to a release date" and, therefore, was exempt from judicial review. *See* ORS 144.335(3) ("[B]oard's order is final and is not subject to judicial review when the board makes any decision relating to a release date"); *Quintero v. Board of Parole*, 329 Or 319, 986 P2d 575 (1999) (affirming dismissal of petition for judicial review of order denying re-release and setting new release date). The Court of Appeals granted the motion, issuing a dismissal order that designated the Board as the prevailing party and allowed costs in the amount of $100 (as a prevailing party fee under ORS 20.190), payable by DeYoung.

DeYoung moved for reconsideration of the award of costs arguing, *inter alia*, that there was no statutory authority for recovering costs from either party in a review of an order of the Board. The Court of Appeals denied the motion, stating in its order that it had authority to award costs, including the prevailing party fee provided in ORS 20.190(1), under ORS 20.120 and ORS 20.310, both set out *post*. DeYoung then brought the present petition for review.

Petitioner Thomas's case also began when he sought judicial review of a Board decision revoking post-prison

supervision and setting a new release date. However, because the Board's supervisory authority over him expired before the Court of Appeals took any action, the Board moved to dismiss review as moot. The Court of Appeals granted the motion, issuing a dismissal order that designated the Board as the prevailing party, allowed costs payable by Thomas, and included a $100 money judgment, again as a prevailing party fee under ORS 20.190.

Thomas moved to recall the appellate judgment and petitioned for reconsideration of that part of the dismissal order that imposed costs. The Court of Appeals denied the motion, this time citing ORS 20.120 and ORS 20.190 as authority for the award of costs and prevailing party fee. Thomas then sought review by this court, and we consolidated his petition with that of DeYoung.

■ As noted, the Court of Appeals cited three statutes as authority for its decision to impose costs on petitioners. The first, ORS 20.120, provides:

> "When the decision of an officer, tribunal, or court of inferior jurisdiction is brought before a court for review, such review shall, for all the purposes of costs and disbursements, be deemed an appeal to such court upon errors in law, and costs therein shall be allowed and recovered accordingly."

The second, ORS 20.310, provides, in part:

> "(1)  In any appeal to the Court of Appeals or review by the Supreme Court, the court shall allow costs and disbursements to the prevailing party, unless a statute provides that in the particular case costs and disbursements shall not be allowed to the prevailing party or shall be allowed to some other party, or unless the court directs otherwise. * * *

> "(2)  Costs and disbursements on appeal to the Court of Appeals or Supreme Court or on petition for review by the Supreme Court are the filing or appearance fee, the reasonable cost for any bond or irrevocable letter of credit, the prevailing party fee provided for under ORS 20.190, the printing, including the abstract of record, required by rule of the court, postage for the filing or service of items that are required to be filed or served by law or court rule, and the

transcript of testimony or other proceedings, when necessarily forming part of the record on appeal."

Finally, ORS 20.190 provides for a prevailing party fee to be awarded in addition to other costs and disbursements:

"(1)  Except as provided in subsections (2) and (5) of this section, a prevailing party in a civil action or proceeding who has a right to recover costs and disbursements in the following cases also has a right to recover, as a part of the costs and disbursements, the following additional amounts:

"(a)  In the Supreme Court or Court of Appeals, on an appeal, $100."

Petitioners contend that the foregoing statutes do not authorize cost awards in their cases. They argue, first, that, because their petitions for judicial review were dismissed for lack of jurisdiction, the Board was not a "prevailing party" for purposes of ORS 20.310 and ORS 20.190. Petitioners reason that, if the Court of Appeals lacked jurisdiction to decide the merits of their petitions, it also lacked authority to designate a prevailing party or award costs.

In support of that reasoning, petitioners point to general case law pertaining to how a court must respond when it finds that it lacks jurisdiction over a case. *See, e.g., Oregonians for Health and Water v. Kitzhaber,* 329 Or 339, 334, 986 P2d 1167 (1999) (dismissing petition for review raising issue outside scope of statute that conferred limited direct review authority on Supreme Court); *Meyer v. Joseph,* 295 Or 588, 668 P2d 1228 (1983) (dismissing certified appeal *sua sponte* on discovering lack of jurisdiction). Petitioners also rely on two "prevailing party" cases, *Berger Farms v. First Interstate Bank,* 330 Or 16, 21-22, 995 P2d 1159 (2000), and *Stelljes/Dumler v. State Board of Parole,* 307 Or 365, 769 P2d 177 (1989), which they argue stand, respectively, for the following propositions: (1) a court may award costs only if it has jurisdiction to decide the case or appeal on the merits; and (2) a court may award costs only if a party actually prevails "on the merits."

Petitioners misconstrue *Berger Farms* and *Stelljes/ Dumler*. Those jurisdiction cases stand only for the proposition that an appellate court must dismiss a case and must refrain from making any decision on the merits when it lacks jurisdiction. They do not hold either that designating a prevailing party is a decision on the merits or that such a designation otherwise is precluded when an appeal or review is dismissed. Although both cases contain some statements, discussed below, that superficially seem useful to petitioners, it is clear, on closer inspection, that the actual holdings are not on point.

*Berger Farms* involved a contract dispute. The contracts in question contained clauses to the effect that all disputes arising out of the contracts would be resolved by binding arbitration in accordance with the Federal Arbitration Act (FAA), 9 USC § 1 *et seq.* One party to the contract filed an action against the other in circuit court, alleging several claims. The defendant moved to stay the action pending arbitration of the claims under the FAA. The trial court denied the motion, the defendant appealed, and the Court of Appeals ultimately concluded that most of the claims were subject to arbitration and that the action must be stayed with respect to those claims. The defendant then sought an award of attorney fees on appeal under the attorney fees provisions of the contracts, which provided for reasonable attorney fees and other costs to the prevailing party "if any legal action, arbitration or other proceeding is brought." 330 Or at 19. Over the plaintiffs' objection, the Court of Appeals awarded attorney fees to the defendant.

On the plaintiffs' petition for review of the attorney fees order, this court reversed. The court noted, with respect to the attorney fees that the defendant had incurred on the claims that were held to be arbitrable, that the Court of Appeals had decided that the trial court must stay proceedings on those claims pending arbitration:

"The effect of that decision was to halt the court proceedings on the arbitrable claims, thereby suspending the court's involvement in those claims. It follows that the Court of Appeals had no authority to award attorney fees

incurred on those claims, because it already had determined that an arbitrator must decide the underlying dispute. Stated differently, because the Court of Appeals was without authority to decide the merits of the parties' underlying dispute on the arbitrable claims, it likewise was without authority to decide whether defendant was entitled to attorney fees arising out of that dispute."

*Id.* at 21-22.

Petitioners focus on the last sentence of the foregoing paragraph as support for their theory that appellate courts are without authority to decide entitlement to costs if those courts have no authority to decide the merits of the underlying claim. However, we agree with the Board that *Berger Farms* is a case concerned with the scope of mandatory arbitration and the FAA, and that it does not purport to speak to the more general question of what it means to prevail for purposes of the general statutes that provide for costs and disbursements. That fact is made evident not only by the authorities that are cited in the relevant part of the *Berger Farms* opinion—all federal cases pertaining to the scope of binding arbitration under the FAA—but also by the fact that the opinion does not refer to any of the statutes that ordinarily govern awards of costs and attorney fees in this state.[1] Ultimately, when *Berger Farms* is read in its entirety, it becomes clear that its superficially favorable wording does not sweep beyond the context of binding arbitration.

There also is clear support in older case law from this court for the Board's view that authority to dismiss an appeal for lack of jurisdiction includes the authority to award costs, particularly when, as in the present cases, the respondent has moved for dismissal and the court has granted that motion. In *Portland & O.C. Ry. Co. v. Doyle*, 86 Or 206, 167 P 270 (1917), for example, this court granted the respondent's motion to dismiss an appeal on jurisdictional grounds, yet awarded costs and disbursements under Lord's Oregon Laws

---

[1] *Berger Farms* discussed ORS 20.015 and ORS 20.096(5) in regard to the claims that the court determined were *non*arbitrable. With respect to those claims, however, there was no question that the Court of Appeals had authority to decide entitlement to attorney fees.

section 565 (a predecessor statute to ORS 20.190). The appellant moved to recall the mandate for costs, arguing that the court lacked jurisdiction to award costs if it lacked jurisdiction to hear the merits of the appeal. The court rejected that argument:

"In the very nature of things we had the power to decide the *motion* [*to dismiss for lack of jurisdiction*], because, until a decision there could be no authoritative adjudication. Although the appeal terminated in a decision that we lacked jurisdiction to hear the cause on the merits[,] the very act of deciding the motion [to dismiss] was equivalent to a determination that we possessed the power to decide the motion, and therefore * * * to dispose of the appeal. Granting the motion to dismiss made the respondent the prevailing party on appeal and it was properly allowed $15 costs and the necessary disbursements, as provided by sections 565 and 566, [Lord's Oregon Laws]."

*Id.* at 209-10. *See also McCargar v. Moore*, 88 Or 682, 687-88, 173 P 258 (1918) (whether motion to dismiss is oral or written, appellee ordinarily is prevailing party and is entitled to costs of appeal when appeal dismissed for lack of jurisdiction).[2] Although *Doyle* and *McCargar* speak to much older versions of the costs and disbursements statutes, they retain their logical force and dispose of petitioners' theory about the effect of a dismissal for lack of jurisdiction on a court's continuing authority to award costs.

Petitioners also suggest, in a related but more general sense, that a decision "on the merits" is required to justify awarding a prevailing party fee. They rely on *Stelljes / Dumler*. However, we disagree with petitioners' reading of that case.

In *Stelljes / Dumler*, two petitioners, Dumler and Stelljes, sought judicial review of orders by the Board of Parole setting release dates.[3] Immediately thereafter, and

---

[2] Lord's Oregon Laws section 565 is a predecessor statute to ORS 20.190. At the time that *Portland & O.C. Ry. Co.* and *McCargar* were decided, Lord's Oregon Laws section 565, provided:

"Costs, when allowed to either party, are as follows:

"1. In the supreme court, on an appeal to the prevailing party, fifteen dollars * * *."

[3] *Stelljes / Dumler* was decided before the legislature enacted ORS 144.335(3), making Board orders that relate to a release date unreviewable.

before the Court of Appeals issued any decisions, the Board withdrew both the challenged orders and issued new orders that essentially gave the petitioners the relief that they sought from the Court of Appeals. Subsequently, the Court of Appeals dismissed Dumler's petition, designating him as prevailing party and awarding him costs, but denying his claim for a prevailing party fee under ORS 20.190. For reasons that are unclear, Stelljes was permitted to continue his review proceeding, and the Court of Appeals ultimately affirmed the Board's *new* order and designated the Board as the prevailing party. However, when Stelljes petitioned for costs and a prevailing party fee under ORS 20.190, the Court of Appeals awarded costs, but denied the request for a prevailing party fee.

Dumler and Stelljes both sought review of the Court of Appeals' orders to the extent that the orders denied their claims for prevailing party fees. Because the issue had not been raised or briefed, this court expressly declined to consider the seemingly obvious question whether the petitioners were entitled to costs under the circumstances *at all*. *Stelljes/Dumler*, 307 Or at 369 n 8. We noted only that ORS 183.497 generally controls the award of costs in judicial reviews of administrative actions and that ORS 183.482(6) provides for an award of costs in such reviews if the agency withdraws an order before the date set for hearing and modifies it in the petitioner's favor, but that neither of those statutes was applicable to judicial review of Board orders. *Id.* at 368.

With respect to prevailing party fees provided under ORS 20.190, this court concluded that the statute would not support an award of prevailing party fees in Dumler's and Stelljes' cases:

"We conclude that in order to receive a prevailing party fee in these cases, petitioners had to prevail on the merits *in* the Court of Appeals. They did not do so. The Court of Appeals dismissed Dumler's petition, and Stelljes's case was decided in favor of the Board. Petitioners may have benefitted from the Board's new orders; however, any such benefit resulted from the Board's action, not from any decision on the merits by the Court of Appeals. Thus they did

> not prevail on the merits *in* the Court of Appeals and, therefore, are not entitled to ORS 20.190 prevailing party fees."

*Id.* at 369 (emphasis in original). Petitioners suggest that the operative words in the foregoing quoted paragraph are "on the merits."

■ Petitioners are mistaken. The operative words are "in the Court of Appeals." The party asserting entitlement to the prevailing party fee must show, at a minimum, that the party's victory happened in the Court of Appeals, rather than in some other forum. A victory in some other forum, even if achieved only after invoking the jurisdiction of the Court of Appeals, does not mean that a party has prevailed for purposes of the award of a prevailing party fee. *See, e.g.*, ORAP 13.05(3) (party qualifies as "prevailing" for purposes of allowance of costs—including prevailing party fee "only if *the court* reverses or substantially modifies the judgment or order from which the appeal or judicial review was taken"[4] (emphasis added)).

■ In sum, we are persuaded that petitioners' arguments pertaining to the Court of Appeals' authority to impose costs in connection with the dismissal of their petitions for judicial review are not well taken. Although appellate courts may decline to award costs to the prevailing party in cases of dismissal, for reasons of fairness or otherwise,[5] a party nevertheless may be said to have prevailed on appeal, for purposes of costs and disbursements, by obtaining dismissal of the appeal or petition.

■■ Petitioners next argue that the cost awards in their cases were unauthorized because there is no *specific* statutory authority in the statutes that govern judicial review of

---

[4] Petitioners also suggest that their position is supported by *U-Cart Concrete v. Farmers Ins.*, 290 Or 151, 619 P2d 882 (1980), which they interpret as holding that, when a court neither affirms nor reverses a judgment, *no* party has prevailed for purposes of awarding costs. However, *U-Cart Concrete* does not announce that proposition, but addresses only the narrow question whether, in the Supreme Court, a respondent on review may recover costs upon denial of a petition for review.

[5] *See* ORS 20.310(1) (court shall allow costs and disbursements to the prevailing party in any appeal, unless statute provides otherwise or "unless the court directs otherwise").

Board orders for awarding costs to the prevailing party. Petitioners begin by noting (correctly) that costs and attorney fees are controlled entirely by statute and are not recoverable in the absence of a statute or contractual provision that authorizes such an award. *See Compton v. Weyerhaeuser*, 302 Or 366, 367, 730 P2d 540 (1986) (costs, like attorney fees, not recoverable in absence of statute or contractual provision authorizing award). Petitioners then assert that we must interpret ORS 144.335, the statute that governs judicial review of Board orders, as the *complete* authority of appellate courts with respect to judicial review of such orders. Petitioners conclude that, because *that* statute makes no mention of costs or disbursements, it follows that *no* statute authorizes cost awards in any review of a Board order, regardless of any general authority to award costs under ORS chapter 20.

Petitioners have not identified anything persuasive in ORS 144.335 itself or in this court's cases discussing costs and disbursements that supports their view that authority to impose costs on review of a Board order may derive only from a statute that speaks specifically to that kind of proceeding.[6]

Petitioners argue that, even if the general cost award provisions in ORS chapter 20 might have some theoretical relevance in a review of a Board order, none of the provisions cited by the Court of Appeals provides actual authority for imposing costs and prevailing party fees in their cases. Because it is largely dispositive, we first consider petitioners' arguments with respect to ORS 20.120.

Petitioners argue that ORS 20.120 does not confer affirmative authority to allow costs on judicial review, but, instead, provides only that a party's right to recover costs on judicial review shall be allowed in the same manner and to the same extent as that party's right to recover costs in an

---

[6] Petitioners cite *In re King*, 165 Or 103, 115, 105 P2d 870 (1940), for the proposition that the right to recover costs must be found within the statute prescribing the procedure for judicial review. However, in that case, the court held that a general catchall cost statute did not apply to the particular proceeding at issue (review of findings and recommendations of the Board of Governors of the Oregon State Bar). The case does not hold that the specific statute that governs judicial review of an agency's orders is the exclusive source of authority for costs and disbursements in such proceedings.

appeal. Petitioners contend that, "[because] costs and disbursements may only be awarded on appeal pursuant to express statutory authority, any award of costs on judicial review must be specifically authorized under the statutes governing that review."

But, assuming that petitioners' initial premise, *viz.*, that ORS 20.120 is not a source of substantive authority to award costs, is correct, their conclusion logically does not follow. The traditional requirement that authority to award costs, on appeal or otherwise, must be "express" cannot be so easily transformed into petitioners' suggested requirement that such authority must appear in the statutes governing the specific type of judicial review in which the award is made.

Neither do petitioners adequately explain why ORS 20.310, which appears to confer express *general* authority to award costs "in any appeal," is not relevant in this context. It is at least arguable that, because judicial reviews are to be deemed appeals "for all the purposes of costs and disbursements," ORS 20.120, costs also are authorized in *any* judicial review, unless some statute otherwise provides. And, in any event, this court previously has construed ORS 20.120 as authorizing *by itself* cost awards on judicial review of an administrative agency's order. In *Compton*, 302 Or 366, the court ordered a workers' compensation claimant who unsuccessfully challenged a Workers' Compensation Board order in this court to pay that board's costs. The claimant sought reconsideration, arguing that the court did not have authority to impose costs on a private party seeking review of an administrative agency's order. The claimant relied on *Shetterly, Irick & Shetterly v. Emp. Div.*, 302 Or 139, 143, 727 P2d 117 (1986), in which the court had determined that a provision of the Administrative Procedures Act (APA), ORS 183.497, precluded allowing costs against a private party when review of a state agency order occurs "as provided in" the APA. *Compton*, 302 Or at 367-68 (quoting ORS 183.497(2) and *Shetterly*, 302 Or at 143.

The *Compton* court noted, first, that judicial review of decisions of the Workers' Compensation Board is governed

by the workers' compensation statutes, not the APA. *Compton*, 302 Or at 368. The court then stated:

> "*Shetterly* held effectively that ORS 183.497 superseded ORS 20.120 with regard to the cases within the purview of ORS 183.497. However, ORS 20.120 still controls cases not subject to the APA costs limitation. *Compton* is such a case.
>
> "ORS 20.120, a version of which first appeared in the General Laws of Oregon § 554, p 226 (Deady & Lane 1843-1872), *provides the statutory authorization for 'costs or disbursements' on review of decisions of a 'tribunal.'* Before the APA costs provision existed, the Court of Appeals relied on this statute to uphold an award of costs by the circuit court in an appeal from the Workers' Compensation Board. *Cunningham v. State Compensation Department*, 1 Or App 127, 459 P2d 892 (1969). The later enactment of the APA cost provision, which does not apply to review of workers' compensation cases, does not change this."

*Id.* at 369 (emphasis added).

■ *Compton* thus holds that ORS 20.120 is authority for imposing costs and disbursements on judicial review of a administrative agency's order, except when review is "as provided in" the APA. Because judicial review of the Board orders in the present case is not as provided in the APA, ORS 183.315(1) and (5)(a), ORS 20.120 would appear to authorize an award of costs upon review.

Petitioners argue, however, that the holding in *Compton*—that ORS 20.120 authorizes cost awards in judicial reviews that are not controlled by the APA—is unsound and should not be applied to the present controversy. Petitioners suggest that the *Compton* decision should be disregarded as an interpretation of ORS 20.120, because *Compton* itself disregarded a prior interpretation of ORS 20.120 by this court that was at odds with the interpretation in *Compton*. Petitioners refer to *State ex rel v. Estes*, 34 Or 196, 55 P 25 (1898).

We do not agree with petitioners that *Estes* construes ORS 20.120 in a way that conflicts with the interpretation announced in *Compton*. In *Estes*, a physician whose license had been revoked by the Board of Medical Examiners sought review of the Board's order in the circuit court. The

circuit court reversed the Board order, but denied the physician's motion for costs. This court affirmed the denial of costs. The court noted that the "general" statute providing for recovery of costs and disbursements (presumably Hill's Annotated Laws section 549, the predecessor to ORS 20.190) had no application, because that statute applied only to appeals from the judgment of a court. The court then noted that the statute specifically governing review of orders of the Board of Medical Examiners expressly prohibited awards of costs against the Board. Finally, the court concluded that "the act in question having made no provision for the recovery of costs in case the action of the board be reversed, defendant is not entitled to recovery from the relators as in an ordinary action: *Hill's Ann. Laws § 564, 565.*" 34 Or at 213 (emphasis added). *Estes* does not construe Hill's Annotated Laws section 565 (which now appears at ORS 20.120). If it suggests anything about that statute, it is that the statute authorized costs awards in "ordinary" judicial reviews under that statute, but that the review at issue was an exception to that statute and a different statute specifically prohibited cost awards against the Board of Medical Examiners. That suggestion is not inconsistent with the interpretation of ORS 20.120 offered in *Compton*.

For the foregoing reasons, we reject petitioners' argument that there is no statutory authority for an award of costs and disbursements to the Board if the Board prevails on judicial review of one of its orders. We need not consider petitioners' arguments that neither ORS 20.310, ORS 20.015, nor any other provisions mentioned in the Court of Appeals' orders authorize cost awards. According to the interpretation announced in *Compton*, ORS 20.120 authorizes cost awards to the prevailing party in any judicial review that the APA does not govern (a category that includes the present cases as they were considered in the Court of Appeals).[7]

---

[7] Petitioners also have argued, in a related vein, that the Court of Appeals was without authority to award prevailing party fees against them under ORS 20.190 because that statute conditions entitlement to prevailing party fees upon the party *otherwise* having a right to recover costs and disbursements, and no statute in fact authorizes costs and disbursements. Our conclusion, under *Compton*, that cost awards *are* authorized in any judicial review not "as provided in" the APA, undermines that argument.

■ Petitioners' final argument specifically pertains to the prevailing party fee provided under ORS 20.190. Under ORS 20.190, that fee is available in a "civil action or proceeding." Petitioners argue that judicial review of an order of the Board is a *criminal* proceeding and, therefore, is not a civil action or proceeding within the meaning of ORS 20.190. In that regard, petitioners note that the term "criminal" "pertains to or is connected with the law of crimes, or *the administration of penal justice*," *Black's Law Dictionary*, 372 (6th ed 1990), a category that arguably includes Board decisions that subject a party to continued incarceration for a crime. Petitioners also rely on the definition of "civil judicial proceeding" that appears in a separate statute, ORS 182.090(3): "As used in this section, 'civil judicial proceeding' means any proceeding, other than a criminal proceeding as defined in ORS 131.005(7), conducted before a court of this state." "Criminal proceeding," under ORS 131.005(7) means "any proceeding which constitutes part of a criminal action or occurs in court in connection with a prospective, pending or completed criminal action." Petitioners contend that, under the foregoing definition, judicial review of Board orders are criminal proceedings, because such review takes place in a court (in their case, the Court of Appeals) and is "in connection with a * * * *completed* criminal action," *i.e.*, the administration of penal sanctions.

We are not persuaded. We note, first, that ORS 182.090(3) specifically pertains to costs and expenses in a particular circumstance—when a state agency is a party to litigation and the court finds against the agency and also finds that the agency acted "without reasonable basis in fact or law." The statute has a limited scope. It is not context for purposes of determining the meaning of the term "civil action or proceeding" in ORS 20.190. Moreover, and even if ORS 182.090(2) were relevant, the judicial reviews in this case are not reviews "in connection with" a "completed criminal action." "Criminal action" is defined for purposes of ORS 131.005(7) (the statute cross-referenced in ORS 182.090(2)) as an "action at law by means of which a person is accused of the commission of a violation, misdemeanor or felony." ORS 131.005(6). That definition does not sweep so broadly as to include, as petitioners suggest, all proceedings that pertain

to the administration of penal sanctions. Put differently, petitioners' status as prisoners or parolees may be the *result* of a criminal action that is completed, but administrative proceedings respecting that status, and judicial review of those administrative proceedings, are so far removed from the criminal actions that they cannot be said to be "connected with" them.

For similar reasons, we are unpersuaded by petitioners' arguments that focus on the meaning of the term "criminal." It may be that the term "criminal" broadly pertains to anything that is connected with crime or the administration of penal justice, but that is not dispositive here. The statute at issue, ORS 20.190, refers to any "civil *action or proceeding*" (emphasis added), and the terms that logically correspond, "criminal actions" and "criminal proceedings,"[8] are more limited in scope than the adjective "criminal." A "criminal action" is a

> "[p]roceeding by which [a] person charged with a crime is brought to trial and either found not guilty or guilty and sentenced. An action, suit, or cause instituted to punish an infraction of the criminal laws."

*Black's Law Dictionary* at 372. A "criminal proceeding" is a proceeding

> "instituted and conducted for the purpose either of preventing the commission of crime, or for fixing the guilt of a crime already committed and punishing the offender."

*Id.* at 374.

Neither of the foregoing definitions describe judicial review of an order of the Board. Although any judicial review of a Board order necessarily arises because there once was a criminal action, such review is not a criminal action or proceeding itself. It is a civil proceeding and, as such, is within the scope of the prevailing party fee statute, ORS 20.190.[9]

---

[8] *Black's* defines "civil action" generally as "[a]ll types of actions other than criminal proceedings." *Black's Law Dictionary* at 245.

[9] Petitioners also argue that parole review is a criminal proceeding under the analysis set out in *Brown v. Multnomah County Dist. Ct.*, 280 Or 95, 570 P2d 52 (1977). However, *Brown*, which deals primarily with determining whether a procedure is criminal for purposes of Article I, section 11, of the Oregon Constitution, has no bearing on the question here, *viz.*, what the legislature that enacted ORS 20.190 intended by the term "civil action or proceeding."

In summary, we have considered each of petitioners' arguments that the Court of Appeals exceeded its authority in awarding costs (*i.e.*, a prevailing party fee) to the Board when it dismissed their petitions for judicial review. None of those arguments is well taken. The statutes authorize such awards; the Court of Appeals did not err.

The orders of the Court of Appeals are affirmed.