Submitted on the record February 3, order of Court of Appeals affirmed
September 21, 2006

# DAVID LEE ATKINSON,
*Petitioner on Review,*

*v.*

# BOARD OF PAROLE
# AND POST-PRISON SUPERVISION,
*Respondent on Review.*

(CA A122599; SC S52476)

143 P3d 538

David Lee Atkinson, *pro se*, Ontario, filed the briefs for petitioner.

Steven R. Powers, Assistant Attorney General, Salem, filed the brief for respondent on review. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General, Salem.

Jamesa J. Drake, Deputy Public Defender, Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services, Salem, filed a brief on behalf of *amicus curiae*, Legal Services Division, Office of Public Defense Services.

CARSON, J.

## CARSON, J.

In this case, we must decide what constitutes a "substantial question of law" when the Court of Appeals determines whether to grant a motion for leave to proceed with judicial review of a parole order under ORS 144.335. Petitioner sought judicial review of a decision of the Board of Parole and Post-Prison Supervision (board) and, pursuant to ORS 144.335(6),[1] filed such a motion for leave to proceed. The Court of Appeals denied petitioner leave to proceed and dismissed his petition on its own motion, apparently concluding that petitioner had failed to present a "substantial question of law." Petitioner then sought this court's review. We allowed review and now affirm the Court of Appeals order.

During a robbery of a doughnut store in 1984, petitioner shot and killed a store clerk. As a result, petitioner was convicted of aggravated murder and sentenced to life in prison. In 2003, after petitioner had served the minimum period of incarceration for aggravated murder that was applicable at the time that he committed that crime, the board conducted a "murder review" hearing to determine whether petitioner was "likely to be rehabilitated within a reasonable period of time."[2] Following that hearing, the board concluded

---

[1] ORS 144.335(6) provides:

"Within 60 days after being served with a copy of the record, or such further time as the court may allow, the petitioner shall file a motion for leave to proceed with judicial review based on a showing in the motion that a substantial question of law is presented for review."

[2] ORS 163.105 (1983) provided, in part:

"(3) At any time after [completion of the minimum period of confinement for an aggravated murder conviction], the State Board of Parole, upon the petition of a prisoner so confined, shall hold a hearing to determine if the prisoner is likely to be rehabilitated within a reasonable period of time. The sole issue shall be whether or not the prisoner is likely to be rehabilitated within a reasonable period of time * * *.

"* * * * *

"(4) If, upon hearing all of the evidence, the board finds that the prisoner is capable of rehabilitation and that the terms of the prisoner's confinement should be changed to life imprisonment with the possibility of parole, or work release, it shall enter an order to that effect and the order shall convert the terms of the prisoner's confinement to life imprisonment with the possibility of parole or work release. Otherwise the board shall deny the relief sought in the petition."

ORS 163.105 has been amended several times since 1983. Those amendments are not relevant to our decision in this case.

that petitioner was not likely to be rehabilitated within a reasonable period of time and issued a written explanation of its decision, entitled "Board Action Form 6" (BAF 6).

Petitioner subsequently sought administrative review of BAF 6. In his request for administrative review, petitioner alleged that (1) there was insufficient evidence to support the board's conclusion that petitioner was not likely to be rehabilitated within a reasonable period of time; (2) petitioner presented sufficient evidence to show, by a preponderance of the evidence, that he was likely to be rehabilitated within a reasonable period of time; (3) the board violated state and federal constitutional *ex post facto* prohibitions by applying administrative rules that were not in effect at the time that petitioner committed his crime; and (4) the board "unlawfully rescinded" a parole release date that had been set at a prior hearing.[3] In its written response, the board rejected each of petitioner's allegations and affirmed its prior BAF 6 decision.

Petitioner then sought judicial review of BAF 6. To proceed with that review, ORS 144.335(6) required petitioner to file a motion for leave to proceed. In his *pro se* motion, petitioner asserted, among other things, that "[t]he board violated their own admitted standards of due process of the law during the course of the hearing by accepting, considering and using undisclosed evidence and/or testimony in violation of ORS 183.450."[4] Petitioner's motion contained no legal

---

[3] Petitioner also asserted that the board had violated numerous other state and federal constitutional provisions, state statutes, and state administrative rules. However, petitioner cited no facts to support those allegations, and the board declined to respond to them. Petitioner further alleged that the board had violated multiple statutes and administrative rules during a prior proceeding. Because those allegations did not involve any board action taken during petitioner's present murder review hearing, the board declined to consider them.

[4] ORS 163.105(3) (1983) provided, in part:

"The ["murder review"] proceeding shall be conducted in the manner prescribed for a contested case hearing under ORS 183.310 to 183.550 except that:

"(a) The prisoner shall have the burden of proving by a preponderance of the evidence the likelihood of rehabilitation within a reasonable period of time; and

"(b) The prisoner shall have the right, if the prisoner is without sufficient funds to employ an attorney, to be represented by legal counsel, appointed by the board, at state expense."

analysis and cited no facts from the record in support of that contention. The Court of Appeals denied petitioner's motion for leave to proceed in an unpublished order, apparently concluding that petitioner's request for judicial review did not present a "substantial question of law." Petitioner then sought this court's review, which we allowed. This court subsequently narrowed the issues to be considered by sending the parties and *amicus curiae* a letter explaining that we were interested in deciding the following question:

"Does an inmate raise a substantial question of law for purposes of judicial review of a board order when he alleges that a murder review hearing conducted pursuant to ORS 163.105 must comply with the requirements of ORS 183.450?"[5]

We begin our analysis by setting out the relevant statutory provisions. ORS 144.335 provides, in part:

"(1)   A person over whom the [board] exercises its jurisdiction may seek judicial review of a final order of the board as provided in this section if:

"(a)   The person is adversely affected or aggrieved by a final order of the board; and

"(b)   The person has exhausted administrative review as provided by board rule.

"* * * * *

"(4)   If a person described in subsection (1) of this section seeks judicial review of a final order of the board, the person shall file a petition for judicial review with the Court of Appeals * * *.

"* * * * *

"(6)   Within 60 days after being served with a copy of the record, * * * the petitioner shall file a motion for leave to proceed with judicial review based on a showing in the motion that a *substantial question of law* is presented for review.

---

[5] Petitioner raises additional claims in his brief, which we decline to consider. *See* ORAP 9.20(2) (providing that this court "may limit the questions on review").

"(7) [The Court of Appeals may] determine whether a motion for leave to proceed with judicial review under subsection (6) of this section presents a substantial question of law and may dismiss the judicial review if the motion does not present a substantial question of law. A dismissal under this subsection constitutes a decision on the merits of the petitioner's issues on judicial review.

"* * * * *

"(12) If the court determines that the motion filed under subsection (6) of this section, when liberally construed, fails to state a *colorable claim* for review of the board's order, the court may order the petitioner to pay, in addition to the board's recoverable costs, attorney fees incurred by the board not to exceed $100."

(Emphasis added.)

With those provisions in mind, we turn now to the task of determining the meaning of the phrase "substantial question of law." When interpreting a statute, this court must discern and give effect to the legislature's intent. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). We begin by considering the text and context of the statute in question. *Id.* at 610-11. We give "words of common usage their plain, natural, and ordinary meaning[,]" and "[w]ords that have a well-defined legal meaning are given that meaning." *Norden v. Water Resources Dept.*, 329 Or 641, 645, 996 P2d 958 (2000). Statutory context "includes other provisions of the same statute and other related statutes, as well as the preexisting common law and the statutory framework within which the law was enacted[.]" *Denton and Denton*, 326 Or 236, 241, 951 P2d 693 (1998) (internal citations omitted). Finally, the "use of the same term throughout a statute indicates that the term has the same meaning throughout the statute[.]" *PGE*, 317 Or at 611 (internal citation omitted). If, upon an analysis of text and context, the legislature's intent is clear, we proceed no further.[6] *Id.*

---

[6] The parties have offered no legislative history regarding the legislature's intention in enacting ORS 144.335(6), and they assert that the available legislative history, if offered, would provide no assistance in determining the meaning of the phrase in question.

Initially, we note that no statute explicitly defines the phrase "substantial question of law," for purposes of ORS 144.335(6). A "question of law," however, is a question framed in such a way "that [it] is susceptible of adjudication by way of pronouncement as to what the law is." *Western Helicopter Services v. Rogerson Aircraft*, 311 Or 361, 364, 811 P2d 627 (1991). At the same time, "substantial" ordinarily is defined as "considerable in amount, value, or worth * * * having a solid or firm foundation: soundly based: carrying weight * * *." *Webster's Third New Int'l Dictionary* 2280 (unabridged ed 2002). Reading those definitions together, a "substantial question of law" is a soundly based, firmly supported question capable of adjudication as to what the law is.

■     ORS 144.335(12) provides relevant context within which to interpret the phrase in question from ORS 144.335(6). Specifically, ORS 144.335(12) allows the court to order a petitioner to pay the board's costs and attorney fees if the court determines that the petitioner's motion for leave to proceed, "when liberally construed, fails to state a *colorable claim* for review of the board's order * * *." (Emphasis added.) Consequently, ORS 144.335 uses two different phrases in instructing the court on how to respond to various motions for leave to proceed. First, the court determines whether the motion for leave to proceed presents a "substantial question of law." ORS 144.335(7). If it does not, then the court may dismiss the petition for judicial review. Second, the court determines whether the motion for leave to proceed states a "colorable claim for review[.]" ORS 144.335(12). If it does not, then the court may require the petitioner to pay the board's costs and attorney fees. As this court has explained previously, when the legislature uses different terms within the same statute, normally it intends those terms to have different meanings. *See State v. Keeney*, 323 Or 309, 316, 918 P2d 419 (1996) (so holding).

ORS 144.335 thus establishes two different standards for the court to use when considering the relative merit of motions for leave to proceed. Between those standards, the "colorable claim" standard embodies a lower quantum of merit than the "substantial question of law" standard. Such a conclusion is apparent from the legislature's desire to discourage motions failing to satisfy the former standard by

making the petitioners filing those motions subject to costs and fees. *See McKean-Coffman v. Employment Div.*, 314 Or 645, 650-51, 842 P2d 380 (1992) (recognizing that imposition of attorney fees discourages persons from pursuing certain claims); *see also Butler v. United Pacific Ins. Co.*, 265 Or 473, 476, 509 P2d 1184 (1973) (noting that statute imposing certain costs was intended as "a penalty to discourage frivolous appeals"). Conversely, the legislature chose not to penalize the petitioners filing motions that fail to satisfy the latter standard, subjecting them to only dismissal, with no monetary penalty.

Comparison of those two standards is helpful, because this court already has determined the meaning of the "colorable claim" standard, thereby establishing a reference point from which to delineate the standard in question here. In *State ex rel Dept. of Human Services v. Rardin*, 338 Or 399, 406, 110 P3d 580 (2005), this court examined what constitutes a "colorable claim" as the term is used in ORS 419A.200(5)(a)(A).[7] That statute provides that a person may pursue an untimely appeal of a parental termination judgment if, among other requirements, "[t]he person shows a colorable claim of error in the proceeding from which the appeal is taken[.]" Based upon the text and context of ORS 419A.200(5)(a)(A), this court concluded that the "colorable claim" standard describes "a claim that a party reasonably may assert under current law and that is plausible given the *facts* and the current *law* (or a reasonable extension or modification of current law)." *Rardin*, 338 Or at 408 (emphasis added). Of particular importance to our task here, this court determined that the "colorable claim" standard contained both a factual component and a legal component.

Here, ORS 144.335(6) also contains both a factual component and a legal component. The statute's text requires that a motion for leave to proceed with judicial review must be filed "[w]ithin 60 days" after the petitioner has been "served with a copy of the record[.]" The statute clearly contemplates that the record will be available for use in writing

---

[7] Although in *Rardin* the phrase "colorable claim" was used in a statute involving termination of parental rights, nothing indicates that the legislature intended that phrase to have a different meaning in this context.

the motion, thus indicating that the motion should rely upon facts contained in the record to the extent that those facts are relevant to the petitioner's legal claim. The statute also requires a motion for leave to proceed to show that a "substantial question of law *is presented* for review." (Emphasis added.) The statutory wording, "is presented," necessitates that the facts of the petitioner's case, procedural or historical, actually present the question of law raised in the motion, rather than simply requiring the motion to raise some abstract question of law without reference to the facts of the particular case. Therefore, like the "colorable claim" standard in *Rardin*, the "substantial question of law" standard contains both factual and legal requirements.

Those requirements, however, are more demanding because, as discussed previously, the "substantial question of law" standard reflects a greater quantum of arguable legal merit than the "colorable claim" standard. Thus, considering the text of ORS 144.335(6) and its context, a "substantial question of law" is a soundly based, firmly supported question capable of adjudication as to what the law is that is presented by the facts of the particular case at bar.

■     Using the definition set out above, we now test petitioner's motion for leave to proceed to determine whether it presents a "substantial question of law." As noted previously, petitioner's motion for leave to proceed asserted that "[t]he board violated their own admitted standards of due process of the law during the course of the hearing by accepting, considering and using undisclosed evidence and/or testimony in violation of ORS 183.450." Petitioner provided no explanation as to how ORS 183.450 applied to the board or what that statute, if applicable, requires.[8] Petitioner also failed to explain any "due process" requirement that he suggested was applicable to the board.[9] Petitioner cited no facts from the record to

---

[8] We note that ORS 183.315(1) (1983), in part, provided that, "[t]he provisions of ORS 183.410, 183.415, 183.425, 183.440, *183.450* * * * do not apply to * * * [the] State Board of Parole." (Emphasis added.) ORS 183.315 has been amended several times since 1983. Those amendments are not relevant to our decision in this case.

[9] Even assuming that some due process requirements were applicable to the board, the United States Supreme Court has held that parole release hearing procedures that prohibit a prisoner from hearing adverse testimony or cross-examining adverse witnesses do not violate due process principles. *Greenholtz v. Nebraska Penal Inmates*, 442 US 1, 5, 15-16, 99 S Ct 2100, 60 L Ed 2d 668 (1979).

show that the board considered or used any "undisclosed evidence and/or testimony[.]" Petitioner's allegation was merely a one-sentence conclusion with no legal analysis or factual recitation to support it. For those reasons, petitioner's motion for leave to proceed lacked both legal and factual support. As such, it falls far short of presenting a "substantial question of law." The Court of Appeals therefore correctly dismissed petitioner's petition for judicial review.

The order of the Court of Appeals is affirmed.