Submitted May 28, petition for judicial review dismissed as moot July 16, 2008

## DWAINE BLACKNALL,
*Petitioner,*

*v.*

## BOARD OF PAROLE
## AND POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A130410

189 P3d 1234

Peter Gartlan, Chief Defender, Legal Services Division, and Brandon G. Williams, Deputy Public Defender, Office of Public Defense Services, filed the brief for petitioner.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Judy C. Lucas, Senior Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Deits, Judge pro tempore.

PER CURIAM

## PER CURIAM

In 1990, petitioner was convicted of four counts of first-degree burglary and was sentenced to a maximum of 20 years in prison. He was later paroled. In July 2003, the Board of Parole and Post-Prison Supervision notified petitioner that it had received a report that he had violated parole and that he had a right to a hearing. Petitioner waived his right to a hearing. The board revoked petitioner's parole and ordered a future disposition hearing. At the latter hearing, which took place in November 2003, the board denied rerelease, established a 58-month prison term, and set a parole release date of May 11, 2008.

Petitioner later requested that the board reconsider its revocation order; the board agreed to do so and, in May 2005, it held a revocation hearing. Following the hearing, the board issued an order affirming the revocation of petitioner's parole and his parole release date of May 11, 2008.

Petitioner sought judicial review of the board's May 2005 order, asserting that, by failing to hold a second future disposition hearing after petitioner's May 2005 revocation hearing, the board violated applicable statutes and rules and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. He also argued that the 58-month prison term established by the board violated the prohibition against disproportionate punishment in Article I, section 16, of the Oregon Constitution.

Petitioner has now notified this court that he was released on parole on May 11, 2008. *See* ORAP 8.45 (providing that, when a party to an appeal becomes aware of facts that probably render appeal moot, the party shall notify appellate court of those facts).

Petitioner's petition for judicial review challenged only the aspects of the board's May 2005 order denying rerelease and setting a parole release date of May 11, 2008. Because petitioner has now been released on parole, his challenge is moot.

Petition for judicial review dismissed as moot.