On respondent's petition for costs and disbursements filed July 24, and appellant's response to respondent's petition for costs and disbursements filed August 21, statement of costs and disbursements allowed in the amount of $139.90 October 29, 2008, petition for review allowed March 4, 2009 (346 Or 65)

DWAINE BLACKNALL,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A130410

196 P3d 20

Judy C. Lucas, Assistant Attorney General, for petition.

Brandon G. Williams, Deputy Public Defender, Legal Services Division, Office of Public Defense Services for response.

Before Landau, Presiding Judge, and Schuman, Judge, and Deits, Judge pro tempore.

LANDAU, P. J.

### LANDAU, P. J.

Petitioner sought judicial review of a final order of the Board of Parole and Post-Prison Supervision denying re-release on parole. We dismissed the petition as moot, designating the board as the prevailing party and awarding costs. *Blacknall v. Board of Parole*, 221 Or App 200, 189 P3d 1234 (2008). The board then filed a statement of costs and disbursements, requesting $100 as a prevailing party fee, plus $39.90 in printing costs. Petitioner objects, arguing that ORS 144.335 (2005), *amended by* Or Laws 2007, ch 411, § 1,[1] prohibits any award of fees or costs in this case. We allow the costs and disbursements as requested.

The relevant facts are not in dispute. On October 24, 2006, petitioner moved for leave to proceed with judicial review of an order of the board denying him re-release on parole, on the ground that the review presented a "substantial question of law," ORS 144.335(6).[2] We granted petitioner's motion on May 15, 2007, and the case proceeded to briefing. Petitioner was released on parole on May 11, 2008, and he filed a notice of probable mootness on May 21. The case was submitted to this court on May 28, 2008, and, as we have noted, we dismissed the petition as moot.

The board then presented a statement of costs and disbursements, requesting a $100 prevailing party fee and $39.90 in printing costs. The board did not request attorney fees. Petitioner objected to the board's request, arguing that ORS 144.335 insulates him from *any* monetary penalty, regardless of the fees and costs authorized by other statutes.

■    Three statutes set out the authority of this court to award the sorts of costs at issue in this case. First, ORS 20.120 provides:

---

[1] Except as noted, all references in this opinion are to the 2005 version of the statute, which was in effect at the relevant time in this case. The pertinent language of the 2005 version, however, is also included in the amended version of ORS 144.335.

[2] The 2007 amendments to that statute eliminated the intermediate step requiring a petitioner to move for leave to proceed with judicial review. The amended statute provides that the case will proceed directly to briefing and that the court, either on its own motion or a motion by the board, may dismiss the case if the judicial review does not present a substantial question of law. ORS 144.335(6).

"When the decision of an officer, tribunal, or court of inferior jurisdiction is brought before a court for review, such review shall, for all the purposes of costs or disbursements, be deemed an appeal to such court upon errors in law, and costs therein shall be allowed and recovered accordingly."

Second, ORS 20.190(1) then provides, in part:

"[A] prevailing party in a civil action or proceeding who has a right to recover costs and disbursements in the following cases also has a right to recover, as a part of the costs and disbursements, the following additional amounts:

"(a) In the Supreme Court or Court of Appeals, on an appeal, $100."

Third, ORS 20.310 provides that, in addition, "unless a statute provides that in the particular case costs and disbursements shall not be allowed to the prevailing party," ORS 20.310(1), both the Supreme Court and the Court of Appeals have authority to award, as "costs and disbursements," a number of specific costs, including "the filing or appearance fee, the reasonable cost for any bond or irrevocable letter of credit, the prevailing party fee provided for under ORS 20.190, [and] the printing, including the excerpt of record, required by rule of the court," ORS 20.310(2).

Petitioner acknowledges that the foregoing statutes authorize this court to award the board both the prevailing party fee and the printing costs that it requests. He argues that, nevertheless, ORS 144.335, governing judicial review of orders of the parole board, is a specific statute that provides that—notwithstanding those other statutes—costs and disbursements are *not* permitted in this case. ORS 144.335 provided, in part:

"(6)    Within 60 days after being served with a copy of the record, or such further time as the court may allow, the petitioner shall file a motion for leave to proceed with judicial review based on a showing in the motion that a substantial question of law is presented for review.

"(7)    * * * [T]he Chief Judge, or other judge of the Court of Appeals designated by the Chief Judge, may, on behalf of the Court of Appeals, determine whether a motion for leave to proceed with judicial review under subsection

(6) of this section presents a substantial question of law and may dismiss the judicial review if the motion does not present a substantial question of law. * * *

"* * * * *

"(12)  If the court determines that the motion filed under subsection (6) of this section, when liberally construed, fails to state a colorable claim for review of the board's order, *the court may order the petitioner to pay, in addition to the board's recoverable costs, attorney fees incurred by the board* not to exceed $100. If the petitioner moves to dismiss the petition before expiration of the time provided in subsection (6) of this section, the court may not award costs or attorney fees to the board.

"(13)  Upon request by the board, the Department of Corrections may draw from or charge to the petitioner's trust account and pay to the board *the amount of any costs or attorney fees awarded* to the board by the court in any judicial review under this section."

(Emphasis added.)

Although the statute actually does not say anything about costs *not* being permitted, petitioner points to the fact that the only costs that *are* permitted under ORS 144.335 follow the dismissal of a petition after a determination that it does not state a colorable claim. According to petitioner, by negative inference, that means that no other costs are permitted. In support of that inference, petitioner relies on *dictum* in *Atkinson v. Board of Parole*, 341 Or 382, 143 P3d 538 (2006), which notes the existence of such a possible inference. Petitioner reasons that the fact that ORS 144.335 implicitly prohibits an award of costs in cases such as this conflicts with the other statutes that—concededly—expressly permit an award of costs in the very same cases. Petitioner concludes that the implicit prohibition in ORS 144.335 must take precedence over the authority granted in the other statutes, because ORS 144.335 is the more particular and controls in the case of irreconcilable conflicts with the other, more general, statutes.

■     We are not persuaded by petitioner's reasoning. The authority to award costs is controlled entirely by statute. *Stelljes / Dumler v. State Board of Parole*, 307 Or 365, 368,

769 P2d 177 (1989). In this case, as we have noted, three stat-utes expressly and unambiguously authorize the award of costs in this case. Petitioner concedes that much. And, were there any doubt, the Supreme Court's decision in *DeYoung/Thomas v. Board of Parole*, 332 Or 266, 27 P3d 110 (2001), would eliminate it. That case—like this one—arose under ORS 144.335. The board had denied the petitioner re-release, and the petitioner sought judicial review. We dismissed the petition for judicial review on the ground that, for reasons not pertinent to this case, the matter was not reviewable. We designated the board the prevailing party and allowed a $100 prevailing party fee under ORS 20.190. The petitioner argued to the Supreme Court that we lacked authority to award such costs. The Supreme Court rejected the argument, concluding that the same three statutes that we mentioned as the basis for the board's request for costs in this case—ORS 20.120, ORS 20.190(1), and ORS 20.310—provide authority for ordering the payment of the prevailing party fee, even in a case involving ORS 144.335. *DeYoung/Thomas*, 332 Or at 276.

The question, then, is whether there is anything in the Supreme Court's decision in *Atkinson* that suggests that the court intended to overrule its holding in *DeYoung/Thomas*. We think not.

*Atkinson*, too, was a case involving ORS 144.335. But the issue in that case was not about the authority of appellate courts to award costs. The petitioner had sought judicial review of a parole order under ORS 144.335. Pursu-ant to that statute, he filed a motion for leave to proceed. We denied the motion and dismissed the petition on the ground that it did not present a "substantial question of law." On review to the Supreme Court, the petitioner contended that we had erred in concluding that his petition did not present such a substantial question of law within the meaning of ORS 144.335. The Supreme Court concluded that we did not err. In construing the meaning of the term "substantial ques-tion of law," as it is employed in ORS 144.335(6) and (7), the court compared the term to the use of a different term— "colorable claim"—in ORS 144.335(12) as relevant context. The court concluded that a comparison of the two phrases revealed the use of two distinct legal standards:

"ORS 144.335 thus establishes two different standards for the court to use when considering the relative merit of motions for leave to proceed. Between those standards, the 'colorable claim' standard embodies a lower quantum of merit than the 'substantial question of law' standard. Such a conclusion is apparent from the legislature's desire to discourage motions failing to satisfy the former standard by making the petitioners filing those motions subject to costs and fees. *See McKean-Coffman v. Employment Div.*, 314 Or 645, 650-51, 842 P2d 380 (1992) (recognizing that imposition of attorney fees discourages persons from pursuing certain claims); *see also Butler v. United Pacific Ins. Co.*, 265 Or 473, 476, 509 P2d 1184 (1973) (noting that statute imposing certain costs was intended as 'a penalty to discourage frivolous appeals'). *Conversely, the legislature chose not to penalize the petitioners filing motions that fail to satisfy the latter standard, subjecting them to only dismissal, with no monetary penalty.*"

*Atkinson*, 341 Or at 388-89 (emphasis added).

Petitioner relies on the italicized sentence for his assertion that ORS 144.335 obviously conflicts with the other statutes that authorize the payment of costs in cases such as this. We must acknowledge that the court's statement—that, unless the petition is dismissed for lack of a "colorable claim," there will be "no monetary penalty"—is in some tension with its holding in *DeYoung/Thomas*. In *DeYoung/Thomas*, the court expressly upheld the award of just such a monetary penalty in a case in which the petition was not dismissed for lack of a colorable claim.

But, as we have noted, the issue in *Atkinson* did not involve the question whether the board was entitled to a prevailing party fee or other costs. The statutes that authorize the award of costs in cases such as this—ORS 20.120, ORS 20.190(1), and ORS 20.310—were not mentioned in *Atkinson* at all. Nor, for that matter, was *DeYoung/Thomas*. Moreover, the court's statement about the possibility of monetary penalties in different circumstances was in no way essential to the determination of the precise question before it; the statement was *dictum*.

We are thus faced with, on the one hand, a Supreme Court decision expressly *holding* that certain statutes

authorize appellate courts to award costs in cases involving ORS 144.335 and, on the other hand, a Supreme Court decision in which there is *dictum* that could fairly be read as suggesting the contrary. We are bound by the former, and not by the latter. *Compare Stephens v. Bohlman*, 314 Or 344, 350 n 6, 838 P2d 600 (1992) (Supreme Court interpretations of statutes become part of the statutes and are binding on all courts), *with SAIF v. Allen*, 320 Or 192, 204-05, 881 P2d 773 (1994) (rule of prior construction does not apply to Supreme Court *dictum*); *see also Godfrey v. Fred Meyer Stores*, 202 Or App 673, 680, 124 P3d 621 (2005), *rev den*, 340 Or 672 (2006) ("Ordinarily, *dictum*—even Oregon Supreme Court *dictum*— about the construction of a statute has no particular precedential force."). We are especially hesitant to read *Atkinson* as the Supreme Court overruling its own *DeYoung/Thomas* decision without so much as mentioning the latter case.

Statement of costs and disbursements allowed in the amount of $139.90.