Argued and submitted September 15, 2009, decision of Court of Appeals affirmed
April 8, 2010

DWAINE BLACKNALL,
*Petitioner on Review,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent on Review.*

(CA A130410; SC S056861)

229 P3d 595

Meredith Allen, Senior Deputy Public Defender, Salem, argued the cause and filed the brief for petitioner on review. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Judy C. Lucas, Senior Assistant Attorney General, Salem, argued the cause and filed the brief for respondent on review. With her on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

DURHAM, J.

**DURHAM, J.**

Petitioner sought judicial review of a final order of the Board of Parole and Post-Prison Supervision (board) that affirmed an earlier order denying him rerelease on parole. The Court of Appeals granted petitioner leave to proceed with judicial review. However, before the court reached a decision, petitioner was released on parole. Petitioner's counsel filed a notice of probable mootness and the Court of Appeals dismissed the case as moot. *Blacknall v. Board of Parole*, 221 Or App 200, 189 P3d 1234 (2008). The court designated the board as the prevailing party and, over petitioner's objection, awarded the board its requested costs and disbursements, payable by petitioner. *Blacknall v. Board of Parole*, 223 Or App 294, 296, 196 P3d 20 (2008). Petitioner sought review, arguing that *former* ORS 144.335(12) (2005), *renumbered as* ORS 144.335(9) (2007), which governs judicial review of board orders, prohibited the cost award.[1] We conclude that ORS 144.335(12) did not prohibit the allowance of costs and disbursements. Accordingly, we affirm the decision of the Court of Appeals.

In 1990, petitioner was convicted of four counts of first-degree burglary and sentenced to a 20-year term. He was paroled in 1991. In 2003, after petitioner had committed several parole violations, the board revoked parole, returned petitioner to prison, and ordered a future disposition hearing to determine the length of the parole revocation. After the future disposition hearing, the board denied petitioner rerelease on parole and reset his release date to May 11, 2008. In 2004, petitioner filed a request for an administrative

---

[1] The legislature amended ORS 144.335(12) in 2007, Or Laws 2007, ch 411, § 1, by renumbering the subsection as ORS 144.335(9) and modifying certain procedural references in the 2005 version. According to the parties, the principal issue here is whether ORS 144.335(12) (2005) limited the authority of the Court of Appeals under ORS 20.310 to award costs and disbursements to the board. In positing that issue, the parties have assumed that the controlling statute is the 2005 version of ORS 144.335(12), because that statute was in effect when petitioner sought judicial review. To avoid confusion, we adopt the same assumption: Unless otherwise noted, citations in this opinion to ORS 144.335 refer to the version in effect in 2005.

The 2007 version of ORS 144.335 was in effect when the Court of Appeals awarded costs and disbursements to the board in this case. However, the 2007 amendments did not modify the scope of the court's authority to award costs and disbursements to the board, and they do not affect our analysis in this case.

review in which he argued that he had not received adequate notice that the board could revoke his parole and deny him rerelease. In response, the board granted him the option of a revocation hearing. The board held petitioner's hearing on May 10, 2005. Subsequently, and without holding a second future disposition hearing, the board affirmed its 2003 order that had revoked petitioner's parole. Petitioner requested administrative review, arguing that, in denying his rerelease on parole, the board had violated his due process rights and the board's own rules by failing to hold a second future disposition hearing. The board denied relief and petitioner timely sought judicial review in the Court of Appeals.

In October 2006, petitioner filed a motion for leave to proceed. The Court of Appeals granted petitioner's motion and the case proceeded to briefing. However, before the court took any further action, petitioner's terms of imprisonment expired on May 11, 2008, and petitioner was released on parole. Ten days later, petitioner filed a "notice of fact relating to probable mootness," pursuant to ORAP 8.45, which provides, in part, that "when a party becomes aware of facts that probably render an appeal moot, that party shall provide notice of the facts to the court and to the other party or parties to the appeal * * *." (Footnote omitted.)

On July 16, 2008, the Court of Appeals, *sua sponte*, issued an order dismissing the petition for judicial review as moot. The court also designated the board as the prevailing party and awarded costs to the board, payable by petitioner. The board filed a request for costs and disbursements in the total sum of $139.90: $100 as a prevailing party fee and $39.90 for the costs of printing the briefs. Petitioner objected to the board's statement of costs, arguing that ORS 144.335(12) barred the court from allowing the board's requested costs and disbursements. On October 29, 2008, the Court of Appeals issued a written opinion allowing the board's statement of costs and disbursements. Petitioner timely sought review in this court.

■ We begin by setting out the relevant statutory provisions. Three provisions in ORS chapter 20 provide general authority for the award of costs and disbursements, including a prevailing party fee, on review of an agency order: ORS

20.310, ORS 20.190(1)(a), and ORS 20.120. First, ORS 20.310 provides for the award of costs and disbursements on appeal:

"(1)   In any appeal to the Court of Appeals or review by the Supreme Court, the court shall allow costs and disbursements to the prevailing party, unless a statute provides that in the particular case costs and disbursements shall not be allowed to the prevailing party or shall be allowed to some other party, or unless the court directs otherwise. If, under a special provision of any statute, a party has a right to recover costs, such party shall also have a right to recover disbursements. On the same terms and conditions, when the Supreme Court denies a petition for review, the respondent on review is entitled to costs and disbursements reasonably incurred in connection with the petition for review.

"(2)   Costs and disbursements on appeal to the Court of Appeals or Supreme Court or on petition for review by the Supreme Court are the filing or appearance fee, the reasonable cost for any bond or irrevocable letter of credit, the prevailing party fee provided for under ORS 20.190, the printing, including the excerpt of record, required by rule of the court, postage for the filing or service of items that are required to be filed or served by law or court rule, and the transcript of testimony or other proceedings, when necessarily forming part of the record on appeal."[2]

Thus, under ORS 20.310(1), a court will generally allow the prevailing party to recover costs and disbursements, subject to two exceptions: (1) if "a statute provides that in the particular case costs and disbursements shall not be allowed to the prevailing party or shall be allowed to some other party," or (2) if "the court directs otherwise."

Second, ORS 20.190(1)(a) provides generally for an award of a $100 prevailing party fee on appeal:

"[A] prevailing party in a civil action or proceeding who has a right to recover costs and disbursements in the following cases also has a right to recover, as a part of the costs and disbursements, the following additional amounts:

---

[2] The legislature in 2007 amended ORS 20.310(2), changing the term "abstract" to "excerpt." Or Laws 2007, ch 547, § 6. That amendment has no effect on the analysis of this case.

"(a)   In the Supreme Court or Court of Appeals, on an appeal, $100."

■      Third, ORS 20.120 provides that for purposes of allowing costs and disbursements, review of decisions of "an officer, tribunal, or court of inferior jurisdiction" is treated the same as if the review were an appeal. Taken together, the above-quoted provisions of ORS chapter 20 establish that, on review of an agency order, unless another statute provides to the contrary, the reviewing court has authority to allow the prevailing party to recover an award of costs and disbursements, including a prevailing party fee of $100.

■      ORS 144.335 governs judicial review of board orders. A board order is subject to judicial review "if the order is a 'final order,' the petitioner is 'adversely affected or aggrieved' by it, and the petitioner has 'exhausted administrative review.'" *Dawson / Fletcher v. Board of Parole*, 346 Or 643, 649, 217 P3d 1055 (2009) (quoting ORS 144.335(1) - (4)). ORS 144.335 provided, in part:

"(4)   If a person * * * seeks judicial review of a final order of the board, the person shall file a petition for judicial review with the Court of Appeals within 60 days after the date the board mails the order disposing of the person's request for administrative review. The person shall serve a copy of the petition for judicial review on the board.

"* * * * *

"(6)   Within 60 days after being served with a copy of the record, or such further time as the court may allow, the petitioner shall file a motion for leave to proceed with judicial review based on a showing in the motion that a substantial question of law is presented for review.

"(7)   Notwithstanding ORS 2.570, the Chief Judge, or other judge of the Court of Appeals designated by the Chief Judge, may, on behalf of the Court of Appeals, determine whether a motion for leave to proceed with judicial review under subsection (6) of this section presents a substantial question of law and may dismiss the judicial review if the motion does not present a substantial question of law. * * *

"(8)   If the Chief Judge, or other judge of the Court of Appeals designated by the Chief Judge, determines under

subsection (7) of this section that the motion presents a substantial question of law, the court shall order the judicial review to proceed.

"(9)   At any time after submission of the petitioner's brief, the court, on its own motion or on motion of the board, without submission of the board's brief and without oral argument, may summarily affirm the board's order if the court determines that the judicial review does not present a substantial question of law. * * *

"* * * * *

"(12)   If the court determines that the motion filed under subsection (6) of this section, when liberally construed, fails to state a colorable claim for review of the board's order, the court may order the petitioner to pay, *in addition to the board's recoverable costs, attorney fees incurred by the board not to exceed $100.* If the petitioner moves to dismiss the petition before expiration of the time provided for in subsection (6) of this section, the court may not award costs or attorney fees to the board."

(Emphasis added.)

Under that statute, a petitioner could seek judicial review of a board order by filing a petition for judicial review with the Court of Appeals, but judicial review would continue only upon a showing that the motion for leave to proceed presented a "substantial question of law."[3] If the Court of Appeals determined that petitioner's motion for leave to proceed did not demonstrate the presence of a substantial question of law, the court could dismiss judicial review. ORS 144.335(7). Similarly, if, after submission of petitioner's opening brief on the merits, the court determined that "the judicial review does not present a substantial question of law," the court could summarily affirm the board's order. ORS 144.335(9).

---

[3] In 2007, the legislature amended ORS 144.335 to eliminate the interim step requiring an inmate to file a motion for leave to proceed. Or Laws 2007, ch 411, § 1. Under the current version of the statute, the Court of Appeals examines the petitioner's brief to determine whether the judicial review presents a substantial question of law. ORS 144.335(6) (2009). If the judicial review does not present a "substantial question of law," the Court of Appeals, on its own motion or on the motion of the board, "may summarily affirm the board's order." *Id.*

■    In this case, as noted, the Court of Appeals concluded that petitioner had presented a "substantial question of law" and, therefore, granted petitioner's motion for leave to proceed with judicial review. ORS 144.335(8). As a consequence, the court necessarily also concluded that petitioner had presented a "colorable claim" for review under ORS 144.335(12). *Atkinson v. Board of Parole*, 341 Or 382, 388, 143 P3d 538 (2006) ("[T]he 'colorable claim' standard embodies a lower quantum of merit than the 'substantial question of law' standard.").

■    ORS 144.335(12) does not expressly address whether a court could allow costs to the board as prevailing party even if the court had determined that petitioner's motion presented a colorable claim. This case presents the question whether the legislature nevertheless intended, by inference, to prohibit an award of costs in such a situation. Stated differently, the issue is whether, when a petitioner *has* presented a colorable claim, ORS 144.335 "provides that in [that] particular case costs and disbursements shall not be allowed" to the board as prevailing party.[4] ORS 20.310(1).

Petitioner argues that ORS 144.335(12) prohibited the Court of Appeals from allowing costs to the board in this case. Petitioner focuses on the legislature's use of the word "if" in ORS 144.335(12), which he asserts means "in the event that," "so long as," or "on the condition that." Petitioner contends that, by using the word "if," the legislature granted the Court of Appeals authority to allow costs to the board only upon fulfillment of the specified condition, *i.e.,* a petitioner's failure to state a colorable claim. Accordingly, petitioner concludes that, by negative inference, ORS 144.335(12) prohibited the Court of Appeals from awarding costs in other situations. Petitioner also contends that the legislature's reference

---

[4] Petitioner does not argue that, because the Court of Appeals dismissed the appeal *sua sponte* for mootness, the board is not a prevailing party for purposes of ORS 20.310 and ORS 20.190. Because no party has raised or briefed the issue, we assume, without deciding, that the Court of Appeals correctly designated the board as the prevailing party on appeal. *See* ORS 20.310(1) (on appeal, "the court shall allow costs and disbursements to the prevailing party * * *"); ORAP 13.05(3) ("When an allowance of costs is dependent on identification of a party as a prevailing party, the * * * petitioner * * * is the prevailing party only if the court reverses or substantially modifies the judgment or order from which the appeal or judicial review was taken. Otherwise, the respondent * * * is the prevailing party.").

to "recoverable" costs described the types of costs that may be recovered if a petitioner fails to state a colorable claim, but did not suggest that the court has authority to award costs in any other situation.

The state responds that ORS 144.335(12) only prohibited allowance of costs when petitioner had timely moved to dismiss his petition for judicial review. The state asserts that ORS 144.335 did not serve as an independent source authorizing the recovery of costs. The state focuses on the phrase "in addition to the board's recoverable costs" and defines "recoverable" as "capable of being recovered." Explaining that costs are not recoverable in the absence of a statutory or contractual provision authorizing such an award, the state asserts that the legislature's use of the phrase "recoverable costs" reflected the legislature's understanding that some other statute, such as one of those in ORS chapter 20, provided the authority for allowing costs and disbursements. The state finds further support for that conclusion in the legislature's decision to allow the board a limited attorney fee recovery "in addition to" the board's recoverable costs.

We first examine the text and context of the disputed provision to determine its meaning. In doing so, we are not constrained by the interpretive arguments proffered by the parties. *See Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997) ("In construing a statute, this court is responsible for identifying the correct interpretation, whether or not asserted by the parties.").

As noted, ORS 20.310(1) authorizes the Court of Appeals to allow costs and disbursements to the prevailing party unless some other statute prohibits the award in the particular case. We must decide whether ORS 144.335(12) contains such a prohibition. For ease of discussion, we again set out the text of ORS 144.335(12):

> "If the court determines that the motion filed under subsection (6) of this section, when liberally construed, fails to state a colorable claim for review of the board's order, the court may order the petitioner to pay, in addition to the board's recoverable costs, attorney fees incurred by the board not to exceed $100. If the petitioner moves to dismiss

the petition before expiration of the time provided for in subsection (6) of this section, the court may not award costs or attorney fees to the board."

Applying the familiar grammatical principle that a phrase set off by commas functions as a parenthetical, we see that, *if* petitioner failed to state a colorable claim, *then* the Court of Appeals could award both "the board's recoverable costs," *and* "attorney fees incurred by the board not to exceed $100." *See Curly's Dairy v. Dept. of Agriculture*, 244 Or 15, 21, 415 P2d 740 (1966) (punctuation may assist with discerning legislative intent). Thus, the text of ORS 144.335(12) affirmatively authorized the recovery of $100 in attorney fees while recognizing that some other source might authorize an award of "recoverable costs."

Both sentences in ORS 144.335(12) begin with the word "if." *Webster's Third New Int'l Dictionary* 1124 (unabridged ed 2002) defines "if," in part, as "1 **a:** in the event that: in case * * * **b:** allowing, conceding, or granting that * * * **c:** SUPPOSING * * * **d:** so long as: on condition that." Applying the ordinary meaning of the word "if," we see that each sentence in ORS 144.335(12) set out a condition that must be met and a result that would occur "in the event that" or "so long as" that condition was satisfied. First, "in the event that" or "so long as" petitioner failed to state a colorable claim, then the court could require petitioner to pay "the board's recoverable costs" and "attorney fees incurred by the board not to exceed $100." Second, "in the event that" or "so long as" petitioner timely filed a motion to dismiss, then the court was prohibited from awarding either costs or attorney fees.

The legislature, however, did not express itself in regard to cases, such as this one, in which neither condition stated in ORS 144.335(12) applied. The legislature also did not incorporate into ORS 144.335(12) any terms suggesting that that statute was the exclusive source of court authority for an award of costs in this context.

We previously have observed that, "[d]epending on the context, the legislature's silence can signify a variety of policy choices * * *." *State v. Hess*, 342 Or 647, 660, 159 P3d 309 (2007). We conclude that the legislature's silence in ORS

144.335(12) in the respects identified above signifies an intent not to disturb the court's authority under ORS 20.310(1) to award costs where the prohibition on awarding costs or attorney fees in ORS 144.335(12) did not apply. Two clues support that view. First, we agree with the state that the phrase "recoverable costs" in ORS 144.335(12) indicated the legislature's recognition that some other source would authorize the recovery of costs. That the legislature enacted ORS 144.335(12) within an existing statutory framework that included ORS 20.310(1), but did not specifically bar the allowance of costs and disbursements under other statutes, tends to suggest that the legislature did not so intend. Second, ORS 144.335(12) expressly prohibited an award of costs or attorney fees to the board if a petitioner timely moved to dismiss his or her petition for judicial review. If the legislature had intended to prohibit an award of costs and attorney fees in a different circumstance, such as where a petitioner did not move to dismiss the petition for judicial review, the legislature could have done so expressly. It did not do so.

Petitioner also argues that allowing the Court of Appeals to impose a cost award against a petitioner who has stated a colorable claim defeats the legislative intent of providing petitioners with a disincentive to pursue frivolous claims, because it places "a petitioner who *fails* to state a colorable claim equally on par with a petitioner who overcomes that hurdle." Petitioner is mistaken. As explained above, under ORS 144.335(12), a petitioner who filed a motion for leave to proceed and presented a colorable claim, but ultimately did not prevail, could have costs imposed against him or her pursuant to ORS chapter 20, including the $100 prevailing party fee. In contrast, a petitioner who failed to present a colorable claim could have costs imposed against him or her (including the $100 prevailing party fee) and, *in addition*, could be required to pay "attorney fees incurred by the board not to exceed $100."

The Court of Appeals opinion and much of the parties' briefing focuses on the relevance of two previous decisions by this court that are part of the statutory context: *DeYoung / Thomas v. Board of Parole*, 332 Or 266, 27 P3d 110 (2001) and *Atkinson v. Board of Parole*, 341 Or 382, 143 P3d 538 (2006). *See Wal-Mart Stores, Inc. v. City of Central Point*,

341 Or 393, 397, 144 P3d 914 (2006) (prior case law interpreting statute considered in first step of statutory analysis). As context, those cases may illuminate or explain the meaning of the statutory text.

The issue in *DeYoung/Thomas* was whether ORS chapter 20 authorized the Court of Appeals to award costs and disbursements to the board when the board had prevailed on judicial review of one of its orders. The Court of Appeals had granted the board's motions to dismiss in two separate parole board cases (consolidated for review), designated the board a prevailing party, and allowed costs and disbursements under ORS 20.120. Parole petitioners sought review in this court and argued that, notwithstanding ORS 20.120, the board could not recover costs. The petitioners first noted correctly that "costs and attorney fees are controlled entirely by statute and are not recoverable in the absence of a statute or contractual provision that authorizes such an award." 332 Or at 277. The petitioners contended that, because "there [was] no *specific* statutory authority in the statutes that govern judicial review of Board orders[, *i.e.*, ORS 144.335 (1999)] for awarding costs to the prevailing party," no statute authorized an award of costs. *Id.* (emphasis in original). The court in *DeYoung/Thomas* rejected the proposition that the statutory authority to award costs must be located in the statutes that governed the specific type of judicial review at issue. To the contrary, the court explained that an earlier decision, *Compton v. Weyerhaeuser*, 302 Or 366, 730 P2d 540 (1986), already had clarified that ORS 20.120 was an independent source of authority for allowing costs on judicial review of an agency order. The court thus concluded that, because ORS 20.120 authorized an allowance of costs, the Court of Appeals had not erred in awarding costs to the board.

In *Atkinson*, the petitioner sought review of the Court of Appeals' denial of his motion for leave to proceed with judicial review, arguing that he had presented a "substantial question of law." In construing the meaning of the "substantial question of law" standard as used in ORS 144.335 (2005), this court explained how that standard fit within the broader scheme of judicial review of board orders:

"ORS 144.335 thus establishes two different standards for the court to use when considering the relative merit of motions for leave to proceed. Between those standards, the 'colorable claim' standard embodies a lower quantum of merit than the 'substantial question of law' standard. Such a conclusion is apparent from the legislature's desire to discourage motions failing to satisfy the former [colorable claim] standard by making the petitioners filing those motions *subject to costs and fees*. Conversely, the legislature chose not to penalize the petitioners filing motions that fail to satisfy the latter standard, subjecting them to only dismissal, *with no monetary penalty*."

*Atkinson*, 341 Or at 388-89 (citations omitted; emphasis added). After comparing the substantial question of law standard with the colorable claim standard, the court in *Atkinson* concluded that "a 'substantial question of law' is a soundly based, firmly supported question capable of adjudication as to what the law is that is presented by the facts of the particular case at bar." *Id.* at 390.

In this case, the Court of Appeals framed the issue as "whether there is anything in the Supreme Court's decision in *Atkinson* that suggests that the court intended to overrule its holding in *DeYoung/Thomas*." 223 Or App at 299. The Court of Appeals distinguished *Atkinson* as a case that decided a different issue—the meaning of the phrase "substantial question of law"—and thus the court characterized the passage from *Atkinson* quoted above as *dictum*. The court then concluded that this court's decision in *DeYoung/Thomas* controlled the disposition of the case at bar, because the court in that case had upheld a cost award on facts identical to this case.

Petitioner contends that the Court of Appeals erred by concluding that the holding in *DeYoung/Thomas* controls the instant case. According to petitioner, *DeYoung/Thomas* is inapposite because "the statutory scheme has fundamentally changed" since July 6, 2001, the date of the court's decision in *DeYoung/Thomas*. We agree with petitioner, at least in part. *DeYoung/Thomas* concerned judicial review of parole orders under ORS 144.335 (1999). That version of the statute contained no reference to cost awards. The provision at issue in this case, ORS 144.335(12), was added in 2001,

when the legislature amended ORS 144.335 and added the motion practice that we described above. Or Laws 2001, ch 661, § 1.[5] It follows that the decision in *DeYoung/Thomas* does not determine the meaning of the 2005 version of ORS 144.335(12), a later enacted statutory provision.

The state argues that the decision in *DeYoung/Thomas* stands for the broader point that the provisions of ORS chapter 20 govern the award of costs on review of an agency order, subject to only one exception: when judicial review of the agency's order is subject to review under the Administrative Procedures Act (APA), ORS chapter 183. The state relies on a passage in *DeYoung/Thomas* in which this court stated that, according to an earlier decision of this court, *Compton*, 302 Or at 369, "ORS 20.120 authorizes cost awards to the prevailing party in any judicial review that the APA does not govern (a category that includes the present cases as they were considered in the Court of Appeals)." *DeYoung/Thomas*, 332 Or at 280 (footnote omitted). As we discuss below, the state's reading of that sentence is too broad.

In *Compton*, a workers' compensation claimant sought reconsideration of an Oregon Supreme Court order that had awarded costs against him. He argued that the award of costs in his case was inconsistent with a previous reversal of a cost award in *Shetterly, Irick & Shetterly v. Emp. Div.*, 302 Or 139, 727 P2d 117 (1986). The court in *Shetterly* had explained that the legislative history revealed that, in enacting the judicial review provisions of the APA, the legislature had considered authorizing recovery of costs by an agency against a private claimant on judicial review of a contested case, but had decided not to authorize such an award. The court in *Compton* pointed out that the factor that distinguished the two cases was that *Shetterly* had involved judicial review of an employment division order under the APA, but *Compton* involved judicial review of a workers' compensation order, which was not subject to the APA:

---

[5] The governor signed House Bill (HB) 2348 (2001) into law on June 28, 2001, and the law took effect on January 1, 2002. *See* Or Laws 2001, ch 661, § 1 (so noting).

"*Shetterly* held effectively that ORS 183.497 superseded ORS 20.120 with regard to the cases within the purview of ORS 183.497. However, ORS 20.120 still controls cases not subject to the APA costs limitation. *Compton* is such a case."

302 Or at 369.

Properly understood, the issue in *Shetterly*, *DeYoung / Thomas*, and *Compton* was whether the statutory scheme governing judicial review of the agency order at issue contained a specific prohibition on the allowance of costs that operated in a particular case to nullify the general authority to award costs in ORS chapter 20. In *Shetterly*, in which the APA governed judicial review, the court determined that the APA did contain such a prohibition on an award of costs. In contrast, in *Compton*, the court concluded that workers' compensation statutes in effect at the time did not prohibit an award of costs against a workers' compensation claimant when the Workers' Compensation Board prevailed on judicial review of its own order. *See Fromme v. Fred Meyer, Inc.*, 306 Or 558, 560, 761 P2d 515 (1988) (so recognizing). Similarly, the court concluded in *DeYoung / Thomas* that ORS 144.335 (1999) contained no prohibition on an allowance of costs to the prevailing party on judicial review.

When considered in context, *Compton* and *DeYoung / Thomas* do not stand for the proposition that the APA is the *only* statutory scheme that can limit a court's general authority to award costs. *See Fromme*, 306 Or at 560 (recognizing that, in 1987, the legislature overruled *Compton* by amending ORS 656.236(2) to prohibit the assessment of costs on judicial review against unsuccessful workers' compensation claimants). Rather, those cases acknowledge only what ORS 20.310 expressly provides: a prevailing party generally may recover costs and disbursements unless another, more specific statute provides otherwise.

As for *Atkinson*, petitioner contends that this court held there that ORS 144.335(12) prohibited the Court of Appeals from awarding costs to a petitioner who had stated a colorable claim. Petitioner focuses on a sentence in *Atkinson* that stated that a petitioner who failed to state a colorable claim was "subject to costs and fees," but a petitioner who

stated a colorable claim would suffer "no monetary penalty." It is clear, however, that that observation was intended to contrast the legal standard of a substantial question of law with that of a colorable claim. The court's discussion included no explanation or analysis of the phrase "no monetary penalty." *Atkinson* did not involve, much less decide, the propriety of an award of costs. Accordingly, the court's reference to "no monetary penalty" in *Atkinson* does not dictate any particular outcome in this case. *See State v. McDonnell*, 343 Or 557, 567, 176 P3d 1236, *cert den*, ____ US ____, 129 S Ct 235, 172 L Ed 2d 180 (2008) (doctrine of *stare decisis* does not require deference to prior case holdings when those cases did not involve and determine precise issue presented by case at bar).

In sum, an examination of text and context reveals that the legislature did not intend that ORS 144.335 would prohibit an award of costs in this case. Both parties also have offered legislative history that they contend supports their position. We have examined the legislative history behind ORS 144.335(12) and we find nothing in the legislative history that would require a different conclusion. No part of the legislative history indicates that, by enacting ORS 144.335(12), the legislature intended to eliminate a court's general authority under ORS chapter 20 to award costs and disbursements if a petitioner has presented a colorable claim.[6]

From the foregoing, we conclude that, in enacting ORS 144.335(12), the legislature used a carrot-and-stick approach to achieve its goal of reducing the number of meritless cases pursued on judicial review. The carrot is found in the second sentence of ORS 144.335(12), which insulated petitioners from an award of costs and disbursements if they

---

[6] Petitioner also argues that, even if ORS 144.335(12) did not prohibit an award of costs and disbursements generally, the Court of Appeals abused its discretion by awarding costs and disbursements in this particular case. First, petitioner submits that the Court of Appeals failed to make at least a cursory record reflecting its exercise of discretion to award costs to the board. Second, petitioner contends that, in the circumstances presented by this case, where petitioner's case became moot through no fault of petitioner, such an award is inequitable and unduly punitive. Petitioner failed to preserve those arguments before the Court of Appeals and also failed to raise those issues in his petition for review. Accordingly, we decline to address them.

voluntarily dismissed their petition within the time stated. The stick is found in the first sentence, which authorized an award of "attorney fees incurred by the board not to exceed $100," in addition to the board's costs recovered under ORS chapter 20, if a petitioner decided to pursue a petition that failed to raise a colorable claim. However, unless a petitioner was entitled to the protection described in the second sentence of ORS 144.335(12)—which petitioner here was not— ORS 144.335(12) did not limit the court's authority under ORS 20.310(1) to award costs and disbursements to the board.

ORS 144.335(12) did not prohibit the Court of Appeals from awarding costs and disbursements to the board pursuant to ORS chapter 20, even if a petitioner had presented a colorable claim on judicial review, unless the petitioner had timely moved to dismiss the petition pursuant to ORS 144.335(6). Accordingly, the Court of Appeals did not err in awarding costs and disbursements in this case.

The decision of the Court of Appeals is affirmed.