On respondents' petition for costs and disbursements filed December 7;
appellant's objections to respondents' petition for costs and disbursements
filed December 21, 2012; and respondents' reply to appellant's objection to
respondents' petition for costs and disbursements filed January 10, 2013, costs
awarded to plaintiffs in the amount of $737.65 January 23, 2014

Yuan CHOU, PhD
and Siukee Tong,
as individuals,
*Plaintiffs-Respondents,*

*v.*

FARMERS INSURANCE EXCHANGE,
*Defendant-Appellant,*

*and*

Lynette M. SANDERS,
*Defendant.*

Multnomah County Circuit Court
090101378; A145931

320 P3d 608

William J. Thrush for respondents' petition and reply.

Beth Cupani and Maloney Laudersdorf Reiner, PC, for appellant's response.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

WOLLHEIM, J.

**WOLLHEIM, J.**

In this action for breach of a homeowners' insurance policy, arising out of defendant Farmers Insurance Exchange's rejection of plaintiffs' claim for damages after a neighbor's house and car slid into plaintiffs' home, plaintiffs prevailed on defendant's appeal of a judgment awarding plaintiffs damages. *Chou v. Farmers Ins. Exchange*, 253 Or App 552, 291 P3d 784 (2012), *rev den*, 353 Or 787 (2013). Plaintiffs filed two cross-appeals; the first was dismissed and the second was withdrawn. Plaintiffs now seek to recover their costs and attorney fees on appeal. We have disposed of plaintiffs' attorney fee petition by unpublished order. We write to address plaintiffs' request for costs.

ORS 20.310 provides:

"(1)  In any appeal to the Court of Appeals or review by the Supreme Court, the court shall allow costs and disbursements to the prevailing party, unless a statute provides that in the particular case costs and disbursements shall not be allowed to the prevailing party or shall be allowed to some other party, or unless the court directs otherwise. If, under a special provision of any statute, a party has a right to recover costs, such party shall also have a right to recover disbursements. On the same terms and conditions, when the Supreme Court denies a petition for review, the respondent on review is entitled to costs and disbursements reasonably incurred in connection with the petition for review.

"(2)  Costs and disbursements on appeal to the Court of Appeals or Supreme Court or on petition for review by the Supreme Court are the filing or appearance fee, the reasonable cost for any bond or irrevocable letter of credit, the prevailing party fee provided for under ORS 20.190, the printing, including the excerpt of record, required by rule of the court, postage for the filing or service of items that are required to be filed or served by law or court rule, and the transcript of testimony or other proceedings, when necessarily forming part of the record on appeal."

Under that statute, a prevailing party is entitled to recover costs on appeal. ORS 20.310(2) provides a list of the costs that are recoverable:

    1.   the filing or appearance fee;

    2.   the reasonable cost for any bond or irrevocable letter of credit;

    3.   the prevailing party fee provided for under ORS 20.190;

    4.   printing costs, including the excerpt of record, required by rule of the court;

    5.   postage for the filing or service of items that are required to be filed or served by law or court rule; and

    6.   the transcript of testimony or other proceedings, when necessarily forming part of the record on appeal.

In their statement of costs and disbursements, plaintiffs seek to recover filing and appearance fees of $1,092.50. At the time of the filing of the notice of appeal in this case, the appearance fee was $212.00, to be paid by each party appearing. In this case, plaintiffs Chou and Tong appeared. Thus, plaintiffs are entitled to recover appearance fees of $424.00. Also within the category of "filing fees," plaintiffs' itemized list includes fees incurred for filing plaintiffs' dismissed and withdrawn cross-appeals, fees for motions for extension of time, and fees that they claim they incurred for motions to correct the transcript. The only recoverable appearance fees in this case are those incurred for appearing in response to the notice of appeal of $424.00

Plaintiffs' cost bill seeks to recover postage and delivery costs of $389.98. Plaintiffs' itemized list includes nine charges for "delivery" costs for transcripts by a courier service, ranging from $16.10 to $62.10 per delivery, totaling $316.25. But transcript transmittal charges are included in the calculation of the costs allowed for transcripts, and it is not apparent why there were separate charges for deliveries of transcripts or whether those charges relate to deliveries on the appeal or the cross-appeal. Accordingly, we disallow costs for delivery of transcripts and allow reasonable postage costs of $45.00.

Plaintiffs' cost bill includes a request for recovery of computerized research costs of $3,737.50, including fees

for use of Westlaw and "OpenOnline." Recovery of costs is purely statutory. *McKinney v. Nayberger, et al.*, 138 Or 203, 6 P2d 228 (1931). The authority to award costs is controlled entirely by statute. *Blacknall v. Board of Parole*, 223 Or App 294, 196 P3d 20 (2008), *aff'd*, 348 Or 131, 229 P3d 595 (2010). Costs, like attorney fees, are not recoverable in the absence of a statute that authorizes such an award. *DeYoung/Thomas v. Board of Parole*, 332 Or 266, 27 P3d 110 (2001). ORS 20.310 does not authorize the recovery of legal research fees as costs, computerized or otherwise. We therefore disallow plaintiffs' request for research fees as costs.[1]

Plaintiffs' cost bill also includes a request for transcript costs of $157.25, and reproduction charges of $11.40, to which there are no objections, and which we allow.

In addition to a prevailing party fee of $100.00, plaintiffs request an enhanced prevailing party fee under ORS 20.190(3). We reject that request. Defendant's appeal, although not successful, was not objectively unreasonable. That, along with consideration of the other factors in ORS 20.190(3), convince us not to award an enhanced prevailing party fee.

Costs awarded to plaintiffs in the amount of $737.65.

---

[1] In support of their request for their computerized research costs, plaintiffs cite this court's opinion in *Bruce v. Cascade Collections, Inc.*, 199 Or App 59, 110 P3d 587, *rev den*, 339 Or 66 (2005). In that case, brought under the federal Fair Credit Reporting Act (FCRA), 15 USC §§ 1681-1681v, we reversed and remanded the trial court's denial of the costs of computer-assisted legal research, concluding that the plaintiff had adequately pleaded a right to attorney fees and, further, that computer-assisted legal research expenses are recoverable under FCRA as a component of attorney fees. 199 Or App at 65-69. That case is distinguishable from this case, in which plaintiffs seek to recover the expense of computer-assisted research as a part of costs. We need not address whether computer-assisted research expenses might be recoverable as attorney fees.